

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00302-CV

_____

DAVID HERNANDEZ, Appellant

V.

ROCKWATER ENERGY SOLUTIONS, INC., Appellee

---

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-283327-16

---

Before Sudderth, C.J.; Walker and Gabriel, JJ.
Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant David Hernandez appeals from the trial court's final judgment dismissing his claims against appellee Rockwater Energy Solution, Inc. as a discovery sanction. Because we conclude that the trial court did not abuse its discretion, we affirm the trial court's judgment of dismissal.

In January 2016, Hernandez sued Rockwater, his former employer, for wrongful termination, alleging that Rockwater fired him in March 2015 in retaliation for his reporting policy violations to the Occupational Safety and Health Administration (OSHA) and ensured he would not receive unemployment benefits. In June 2016, Hernandez dismissed any OSHA-related complaints against Rockwater in exchange for Rockwater's payment to him of $10,000 and Rockwater's agreement to expunge Hernandez's personnel file of any negative references. On September 7, Rockwater notified Hernandez that it intended to take his deposition on September 23. *See* Tex. R. Civ. P. 199.2.

At the September 23 deposition, Rockwater's counsel asked Hernandez about the June 2016 settlement agreement. Hernandez asserted that he had been forced to sign the agreement and then stated that he wanted "to walk away" and would "ask for a protective order" from Rockwater's "harassment." Hernandez left the deposition before it was completed. That same day, Rockwater served Hernandez with a second notice of his deposition to be taken on September 30. Hernandez lodged no

2

objection to and failed to appear for the September 30 deposition. *See* Tex. R. Civ. P. 199.4.

On January 30, 2017, Rockwater filed a motion to compel Hernandez's appearance at a deposition and a motion for sanctions. *See* Tex. R. Civ. P. 215.1(b). On March 3 after holding a hearing at which Hernandez was present,[1] the trial court granted the motion to compel, ordering Hernandez to appear at a March 31 deposition, and awarded Rockwater sanctions that represented the costs Rockwater incurred for the incomplete and no-show depositions. *See* Tex. R. Civ. P. 215.1(d), 215.2(b). On March 8, Rockwater notified Hernandez that it intended to take his deposition on March 31 as ordered by the trial court. Two days before the March 31 deposition, Hernandez filed a motion for protective order and to quash the court-ordered deposition, arguing that Rockwater was harassing him and that Rockwater had not given him ten days' notice of the September 30 deposition as required by the trial court's local rules. *See* Tex. R. Civ. P. 192.6; Tarrant Cty. (Tex.) Civ. Cts. Loc. R. 3.11(a)(5). In his motion, Hernandez stated that he would not submit to a deposition "even with a court order." Hernandez did not provide proof of service on Rockwater as part of his motion. *See* Tex. R. Civ. P. 21a(a), (e). Hernandez did not appear for the March 31 court-ordered deposition.

---

[1]Although the trial court apparently held a hearing on Rockwater's motion to compel, Hernandez did not request that the court reporter prepare a record from that hearing. *See* Tex. R. App. P. 34.6(b)(1).

On May 17, Rockwater filed a motion to dismiss Hernandez's claims with prejudice as a discovery sanction. *See* Tex. R. Civ. P. 215.2(b)(5), 215.3. At the trial court's June 21 hearing on Rockwater's motion, Hernandez admitted that he did not appear for the March 31 deposition and that he had not paid the sanctions included in the March 3 order; but he asserted that he did not comply because he "was waiting for a resolution on the protective order."[2] The trial court granted Rockwater's motion and dismissed Hernandez's claims with prejudice based on his failure to appear for the March 31 court-ordered deposition.

Hernandez filed a post-judgment motion requesting that his claims be reinstated because Rockwater relied on fabricated evidence in moving for the dismissal. The trial court denied Hernandez's post-judgment motion, and Hernandez now appeals the trial court's judgment. Hernandez, who appeared pro se in the trial court and in this court, now argues in six "issues presented" that the trial court erred by dismissing his claims as a discovery sanction because it relied on fabricated evidence and Rockwater's violations of the procedural rules and because it failed to consider Hernandez's evidence.

Rockwater asserts that Hernandez has waived his appellate arguments based on his failure to provide citations to relevant authority and failure to proffer clear and concise argument to support his issues. *See* Tex. R. App. P. 38.1(i). We agree that

---

[2]Rockwater requested that the reporter's record from this hearing be prepared. *See* Tex. R. App. P. 34.6(c)(2).

4

Hernandez's brief is difficult to understand and walks the thin line between good enough and unintelligible. But we are directed to favor deciding a case on the merits if the brief, through liberal construction, sufficiently acquaints us with the issues. *See* Tex. R. App. P. 38.9; *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). Here, we are able to discern at least the broad strokes of Hernandez's complaints such that we can decide the appeal on its merits. *See, e.g.*, *Coleman v. Prospere*, 510 S.W.3d 516, 519 (Tex. App.—Dallas 2014, no pet.).

A trial court may dismiss a plaintiff's claims as a discovery sanction—sometimes referred to as a death-penalty sanction—if the plaintiff abuses the discovery process. *See* Tex. R. Civ. P. 215.2(b)(5), 215.3; *In re Bledsoe*, 41 S.W.3d 807, 812 (Tex. App.—Fort Worth 2001, orig. proceeding). We review a trial court's discovery sanction, even a death-penalty sanction, for an abuse of discretion, which does not occur if some evidence of substantive and probative character exists to support the trial court's decision. *See Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *Magnuson v. Mullen*, 65 S.W.3d 815, 825–26 (Tex. App.—Fort Worth 2002, pet. denied).

In imposing discovery sanctions, a trial court is guided by a two-part inquiry. *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). First, is there a direct relationship between the offensive conduct and the sanction imposed? This requires that the sanction be directed against the abuse and toward remedying the prejudice to the other party. *Id.* Second, is the imposed sanction

5

excessive?  A sanction is excessive if the imposition of a lesser sanction would have promoted compliance with the rules.  *Id.*  The facts presented to the trial court at the hearing on Rockwater's motion to dismiss supported the trial court's decision.

Hernandez appeared for the September 23 deposition but left when Rockwater's questioning turned to his post-suit settlement with Rockwater.  Although Hernandez admitted that he received notice of the September 30 deposition, he did not appear at all.  This led to the trial court's March 3 order imposing sanctions against Hernandez and directing him to appear for a deposition on March 31, which Hernandez ignored.  Again, Hernandez admitted that he received notice of the trial court's March 3 order and that no exigent circumstances prevented him from appearing, but he argued that his March 29 application for a protective order from Rockwater's discovery requests obviated his need to comply with the trial court's order.  It did not.  *See generally* Tex. R. Civ. P. 192.6(a) (authorizing trial court to protect "person from whom discovery is sought" from party's discovery requests, not to protect from trial-court order).

The trial court specifically noted before dismissing Hernandez's claims that it had imposed lesser sanctions in its March 3 order, that Hernandez knew about the order, and that Hernandez had complied with none of its terms.  The trial court here considered lesser sanctions and imposed them to no avail.  These lesser sanctions were tailored to Hernandez's prior abuse of the discovery process.  And although Hernandez argues that Rockwater fabricated evidence, leading to the trial court's

6

abuse of discretion, we can find no record support for that allegation. Accordingly, the trial court was within its discretion to dismiss Hernandez's claims as a discovery sanction. *See, e.g., In re Estate of Preston*, 346 S.W.3d 137, 158–62 (Tex. App.—Fort Worth 2011, no pet.); *Teate v. CBL/Parkdale Mall, L.P.*, 262 S.W.3d 486, 491–92 (Tex. App.—Beaumont 2008, no pet.); *Van Es v. Frazier*, 230 S.W.3d 770, 777–84 (Tex. App.—Waco 2007, pet. denied); *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 537–39 (Tex. App.—San Antonio 2004, pet. denied); *Magnuson*, 65 S.W.3d at 828.

We overrule Hernandez's issues and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: September 20, 2018