ACCEPTED
01-15-00117-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 2:03:06 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00117-CV

In the Court of Appeals
for the First District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 2:03:06 PM
CHRISTOPHER A. PRINE
Clerk

LEAGUE CITY,
*Appellant/Cross-Appellee,*

**v.**

TEXAS WINDSTORM INSURANCE ASSOCIATION,
*Appellee/Cross-Appellant.*

BRIEF OF CROSS-APPELLEE LEAGUE CITY

Gregory F. Cox
THE MOSTYN LAW FIRM
6280 Delaware Street
Beaumont, Texas 77706
409.832.2777–telephone
409.832.2703–facsimile

Rene M. Sigman
THE MOSTYN LAW FIRM
3810 W. Alabama
Houston, Texas 77027
713.861.6616–telephone
713.861.8084–facsimile

Jennifer Bruch Hogan
Richard P. Hogan, Jr.
James C. Marrow
HOGAN & HOGAN
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002-2721
713.222.8800–telephone
713.222.8810–facsimile

Randal Cashiola
CASHIOLA & BEAN
2090 Broadway Street, Suite A
Beaumont, Texas 77701
409.813.1443–telephone
409.813.1467–facsimile

Attorneys for Cross-Appellee League City

**Oral Argument Requested**                **October 8, 2015**

48146_1

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES.............................................................................. iv

STATEMENT OF THE CASE........................................................................... vii

ISSUES PRESENTED....................................................................................... viii

STATEMENT OF FACTS ................................................................................... 1

SUMMARY OF ARGUMENT ............................................................................ 2

ARGUMENT ....................................................................................................... 3

I.  Notice Is Not at Issue Here........................................................................ 3

    A.  TWIA has not briefed any notice complaint. ...................................... 4

    B.  TWIA did not preserve any notice complaint below. .......................... 4

II.  The November 7, 2013 Monetary-Sanctions Order Is Not Before the Court. ......................................................................................................... 5

    A.  The November 7 order was superseded by the judgment. .................... 5

    B.  TWIA does not challenge the court's ruling offsetting its cost recovery by the amount of monetary sanctions.................................... 7

III.  Alternatively, the Trial Court Properly Assessed Monetary Sanctions against TWIA............................................................................................... 8

    A.  Reviewing courts must defer to trial courts' considerable discretion in imposing sanctions. ...................................................... 8

    B.  The record shows a nexus between TWIA's discovery abuse and the sanctions imposed............................................................... 10

        1.  TWIA engaged in persistent discovery abuse and disobeyed several court orders............................................... 10

2.    A finding of "intentional disrespect" is not necessary to impose sanctions, and even if it were, the record supports such a finding. .................................................................17

3.    The record supports the court's finding that TWIA's discovery abuse prejudiced League City. ..................................18

4.    The sanctions directly relate to TWIA's discovery abuse. .......22

C.    Monetary sanctions were not excessive but instead compensated League City for the prejudice it suffered. .....................22

1.    The record supports the amount of monetary sanctions found by the court. ..............................................................22

2.    The court considered the availability of lesser sanctions. ........24

IV.    The Court Properly Struck TWIA's Affirmative Defenses for Continued Discovery Abuse Justifying the Presumption Its Defenses Lacked Merit. ...........................................................................................25

A.    The entire course of proceedings justified the conclusion that TWIA's affirmative defenses lacked merit. .......................................26

1.    The court's unchallenged findings of fact are binding on this Court. .............................................................................27

2.    TWIA continued to disregard the court's orders after the imposition of monetary sanctions. ...........................................27

B.    There is a direct nexus between TWIA's refusal to cooperate with discovery into its affirmative defenses and the striking of those affirmative defenses. ..............................................................34

C.    The trial court properly considered lesser sanctions. ..........................35

PRAYER ...................................................................................................36

CERTIFICATE OF COMPLIANCE .....................................................................38

CERTIFICATE OF SERVICE ...........................................................................39

APPENDIX

November 7, 2013 order on Plaintiff's Motion to Enforce Court's order and Motion for Sanctions (CR160)....................................Tab A

April 17, 2014 order striking Defendant's affirmative defenses (CR187-95) ........................................................................................Tab B

# INDEX OF AUTHORITIES

Page(s)

**Cases**

*Am. Flood Research, Inc. v. Jones*,
192 S.W.3d 581 (Tex. 2006) ........................................................ 9, 22, 26

*Andras v. Mem'l Hosp. Sys.*,
888 S.W.2d 567 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ............... 24

*Banda v. Garcia*,
955 S.W.2d 270 (Tex. 1997) ........................................................ 21, 23

*Barnett v. Home of Tex. & Warranty Underwriters Ins. Co.*,
No. 14-09-01005-CV, 2011 WL 665309 (Tex. App.—Houston [14th Dist.]
Feb. 24, 2011, no pet.) (mem. op.) ........................................................ 6

*Bd. of Adjustment, City of Corpus Christi v. McBride*,
676 S.W.2d 705 (Tex. App.—Corpus Christi 1984, no writ) ............................. 6

*Britton v. Tex. Dep't of Criminal Justice*,
95 S.W.3d 676 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ......................... 7

*Chasewood Oaks Condo. Homeowners Ass'n v. Amatek Holdings, Inc.*,
977 S.W.2d 840 (Tex. App.—Fort Worth 1998, pet. denied) ............................ 26

*Chrysler Corp. v. Blackmon*,
841 S.W.2d 844 (Tex. 1992) (orig. proceeding) ...................................... 18

*Cire v. Cummings*,
134 S.W.3d 835 (Tex. 2004) ......................................................... 9, 24

*Dao v. Md. Cas. Co.*,
No. 09-13-00353-CV, 2015 WL 2255263 (Tex. App.—Beaumont
May 14, 2015, no pet.) (mem. op.) .................................................... 17

*Downer v. Aquamarine Operators, Inc.*,
701 S.W.2d 238 (Tex. 1985) ............................................................ 9

*Finlay v. Olive*,
77 S.W.3d 520 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ........................ 23

*Franz v. Katy Indep. Sch. Dist.*,
   35 S.W.3d 749 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ...........................4

*Green v. Allied Interests, Inc.*,
   No. 03-97-00510-CV, 1998 WL 105154  (Tex. App.—Austin
   Mar. 12, 1998, pet. denied) (not designated for publication) ...........................6, 7

*Headington Oil Co. v. White*,
   287 S.W.3d 204 (Tex. App.—Houston [14th Dist.] 2009, no pet.).......................7

*In re Harvest Communities of Houston, Inc.*,
   88 S.W.3d 343 (Tex. App.—San Antonio 2002, orig. proceeding) ............. 10, 27

*Int'l Paper Co. v. Harris County*,
   445 S.W.3d 379 (Tex. App.—Houston [1st Dist.] 2013, no pet.) .........................6

*Keith v. Keith*,
   221 S.W.3d 156 (Tex. App.—Houston [1st Dist.] 2006, no pet.) .......................21

*Kroger Co. v. Am. Alternative Ins. Corp.*,
   ___ S.W.3d ___, No. 14-13-01135-CV, 2015 WL 3878097
   (Tex. App.—Houston [14th Dist.] June 23, 2015, no pet.) ..................................7

*Low v. Henry*,
   221 S.W.3d 609 (Tex. 2007)..............................................................................4

*McMillin v. State Farm Lloyds*,
   180 S.W.3d 183 (Tex. App.—Austin 2005, pet. denied) ........................... 8, 9, 17

*Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*,
   345 S.W.3d 537 (Tex. App.—San Antonio 2011, no pet.)................. 9, 18, 21, 26

*San Antonio Hous. Auth. v. Underwood*,
   782 S.W.2d 25 (Tex. App.—San Antonio 1989, no writ)...................................7

*Scott Bader, Inc. v. Sandstone Prods., Inc.*,
   248 S.W.3d 802 (Tex. App.—Houston [1st Dist.] 2008, no pet.).............. passim

*State Farm Mut. Auto. Ins. Co. v. Engelke*,
   824 S.W.2d 747 (Tex. App.—Houston [1st Dist.] 1992,
   orig. proceeding) ............................................................................................11

*State v. Castle Hills Forest, Inc.*,
842 S.W.2d 370 (Tex. App.—San Antonio 1992, writ denied) ...........................7

*Teate v. CBL/Parkdale Mall, L.P.*,
262 S.W.3d 486 (Tex. App.—Beaumont 2008, no pet.) ...................................27

*TransAmerican Natural Gas Corp. v. Powell*,
811 S.W.2d 913 (Tex. 1991) (orig. proceeding)........................................... passim

*Van Es v. Frazier*,
230 S.W.3d 770 (Tex. App.—Waco 2007, pet. denied).................. 19, 25, 34, 36

*Vulcan Materials Co. v. Bowers*,
No. 04-04-00062-CV, 2004 WL 2997852 (Tex. App.—San Antonio
Dec. 29, 2004, pet. denied) (mem. op.)................................................................17

*Warwick Oil & Gas, Inc. v. FBS Props., Inc.*,
No. 01-14-00290-CV, 2015 WL 3637988 (Tex. App.—Houston [1st Dist.]
June 11, 2015, no pet.) (mem. op.) ............................................................ 35, 36

*Weinberger v. Longer*,
222 S.W.3d 557 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)....... 35, 36

*Wright v. Wentzel*,
749 S.W.2d 228 (Tex. App.—Houston [1st Dist.] 1988, no writ).........................6

**Rules**

TEX. R. APP. P. 38.1(i)............................................................................................4

TEX. R. CIV. P. 11 ...............................................................................................31

TEX. R. CIV. P. 141 ...............................................................................................7

TEX. R. CIV. P. 191.2.............................................................................................7

TEX. R. CIV. P. 215.2(b) .....................................................................................17

TEX. R. CIV. P. 215.2(b)(8) ..................................................................................8

# STATEMENT OF THE CASE

*Nature of the case:* League City sued TWIA for breach of contract, violations of the Insurance Code, breach of the duty of good faith and fair dealing, and fraud. CR7. TWIA answered the lawsuit and later demanded an appraisal. CR31, 43. Following an appraisal, TWIA refused to pay the award, and a jury trial followed.

*Trial Court:* Hon. Kerry L. Neves
10th Judicial District Court
Galveston County, Texas

*Plaintiff/Appellant/Cross-Appellee:* League City

*Defendant/Appellee/Cross-Appellant:* TWIA

*Trial Court's Action:* The jury found that TWIA failed to comply with the insurance policy, failed to comply with the Insurance Code, and failed to comply with its duty of good faith and fair dealing, and the jury awarded League City damages and attorney's fees. The trial court disregarded all of these findings and rendered judgment that League City take nothing on its claims against TWIA. League City appealed the take-nothing judgment.

TWIA then filed this cross-appeal, complaining of two pretrial rulings. First, on November 7, 2013, the pretrial court imposed $15,000 in monetary sanctions on TWIA for discovery abuse. CR160. Second, on April 17, 2014, the court struck some of TWIA's affirmative defenses for continued discovery abuse. CR187-95. TWIA appeals from both orders.

# ISSUES PRESENTED

1.      Whether the November 7, 2013 monetary sanctions order is properly before the Court after the order was superseded by the trial court's final judgment and apportionment of costs, which TWIA does not challenge or brief.

2.      Whether the trial court abused its discretion by imposing monetary sanctions after finding a nexus between TWIA's discovery abuse and the sanctions imposed, and whether such sanctions were excessive in compensating League City for the prejudice it suffered from TWIA's actions.

3.      Whether the trial court abused its discretion by striking TWIA's affirmative defenses, after finding that TWIA's continuing abuse of the discovery process justified the presumption that its defenses lacked merit.

## STATEMENT OF FACTS

The underlying lawsuit arose from TWIA's failure to properly adjust League City's claims for property damage caused by Hurricane Ike. CR271-85, 286-325. TWIA's adjuster, Paul Gauthier, should have inspected the damaged properties, determined what was and was not damaged, written estimates, applied appropriate depreciation, and made recommendations. RR16:68-69. Instead, Gauthier made League City complete repairs and submit receipts, after which Gauthier purported to determine whether the repair was covered under the policy. RR11:69-71, 93; 13:88, 91-92, 140-42; 16:176. Because of TWIA's failure to properly adjust the claim, League City did not receive any payment on its claim for nine months, RR16:129-30; 29:472, 509-10, and did not receive proper compensation for its windstorm losses. RR16:71, 73; 12:136-37; 13:13-15, 135-38, 140-44.

The jury found that TWIA failed to comply with the insurance policy, violated the Insurance Code, and breached its duty of good faith and fair dealing, and awarded damages. CR286-325. Nevertheless, the trial court disregarded the jury's findings in favor of League City and rendered judgment that League City take nothing. CR678-79. League City has appealed from that take-nothing judgment.

48146_1                                                  1

TWIA filed a cross-appeal and now complains of two interlocutory orders: a November 7, 2013 order imposing monetary sanctions for discovery abuse, CR160, and an April 17, 2014 order striking some of TWIA's affirmative defenses after Judge Lonnie Cox found that TWIA had continued to engage in discovery abuse, that its conduct justified the presumption that its affirmative defenses lacked merit, and that lesser sanctions would not suffice. CR187-95.

The facts regarding these orders are laid out in significantly more detail below.

## SUMMARY OF ARGUMENT

TWIA challenges an interlocutory monetary-sanctions order that was incorporated into, and superseded, by the trial court's final judgment apportioning costs between the parties. However, TWIA does not complain about the judgment or cost apportionment. Thus, any reversal of the superseded November 7, 2013 order would have no effect on the final judgment and the trial court's order offsetting TWIA's cost recovery by the amount of the earlier sanctions.

Alternatively, the trial court properly exercised its discretion by imposing $15,000 in monetary sanctions. The record supports its finding that TWIA engaged in a pattern of discovery abuse, by refusing to answer proper discovery, failing to produce relevant documents, and disobeying court orders. TWIA's abuse prejudiced League City by necessitating a second deposition of TWIA's adjuster

and forcing League City to prepare several motions to compel and attend multiple hearings in efforts to secure TWIA's compliance. Finally, the record demonstrates that the court tested several lesser sanctions that did not work, that monetary sanctions were appropriate, and that the amount of sanctions was not excessive.

Despite the imposition of monetary sanctions, TWIA continued to abuse the discovery process by obstructing legitimate discovery requests, and TWIA violated several more court orders. Therefore, the court properly concluded that TWIA's discovery abuse warranted the presumption that its affirmative defenses lacked merit. Accordingly, this Court should affirm the dismissal of TWIA's affirmative defenses.

## ARGUMENT

### I. Notice Is Not at Issue Here.

TWIA's brief assails only two orders: the November 7, 2013 monetary-sanctions order and the April 17, 2014 order striking affirmative defenses. ANT Br. at x, xi, 18-25, 25-40. TWIA does not ask this Court to review any of the orders striking its objections or compelling TWIA to produce documents, respond to discovery requests, or comply with the court's orders. *See* CR52-53, 165, 875-76, 879, 881-82, 887, 890, 895-96, 906; SuppCR376-77, 379, 395, 501, 1036, 1105, 1566; SuppCR2:4. Thus, notice is not relevant as to any hearings other than those of November 7 and April 10 (which led to the April 17 order). Regarding those two hearings, TWIA has not preserved any notice complaint.

**A.  TWIA has not briefed any notice complaint.**

TWIA's argument contains no discussion of the notice issue or legal authority.  Therefore, it has not adequately raised any complaint about notice.  TEX. R. APP. P. 38.1(i); *Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

**B.  TWIA did not preserve any notice complaint below.**

To preserve a notice complaint, a party must alert the court to the lack of notice, object to the hearing or request a continuance, and obtain a ruling.  *See Low v. Henry*, 221 S.W.3d 609, 618 (Tex. 2007).  TWIA did not comply with these preservation requirements for the hearings of November 7 and April 10.

TWIA did not complain about notice of the November 7 hearing, either in its written response[1] or during the hearing,[2] and it did not follow the preservation steps discussed above.  CR105-09; RR2:1-59.  A month after monetary sanctions were imposed, TWIA moved for reconsideration.  SuppCR508-13.  That motion did not raise any complaint about notice, and any such objection would be untimely.  *See Low*, 221 S.W.3d at 618-19.  TWIA did not preserve any complaint about notice of the monetary-sanctions hearing.

---

[1] TWIA's response complains about the sufficiency of the sanctions motion, but its sole mentions about notice consist of retroactive, untimely complaints about earlier hearings, not the November 7 hearing.  CR107-08.

[2] TWIA raised notice *after* sanctions were awarded, but its complaint related to a different hearing.  RR2:54.

TWIA did not object to notice of the April 10 hearing, either.[3] TWIA also did not request a continuance or obtain a ruling from the court. SuppRR(4-10-14):1-16. TWIA did not preserve any complaint about notice of the April 10 hearing. *Id*.

## II. The November 7, 2013 Monetary-Sanctions Order Is Not Before the Court.

TWIA's second issue attacks the November 7, 2013 monetary-sanctions order. CR160. ANT Br. at x, 7, 15, 18-25, 40. That order was superseded by, and incorporated into, the apportionment of costs in the final judgment. TWIA does not challenge the judgment or the court's cost apportionment; to the contrary, TWIA urges the Court to affirm the judgment. ANT Br. at x. Instead, TWIA's argument is expressly confined to the November 7 sanctions order: "This cross-appeal addresses a monetary sanction discovery order erroneously ordered by the first pre-trial court, (CR.160) ..." *Id*.

### A. The November 7 order was superseded by the judgment.

TWIA disobeyed two orders to pay the monetary sanctions, SuppCR505, 600; SuppCR3:4, 8-9, and those sanctions remained unpaid when the court was asked to apportion costs. SuppCR3:9. Rather than further sanctioning TWIA for disobeying court orders, the court instead incorporated the monetary-sanctions

---

[3] TWIA initially complained about "insufficient time" to respond to League City's motion before the then-scheduled hearing on March 20. But the hearing was reset to April 10, and TWIA never objected to notice of that hearing.

order into its cost apportionment in the final judgment.[4] CR663, 678-69; SuppCR2968-70; SuppCR3:8-19, 15. Thus, the pretrial sanctions order was superseded by the amended final judgment, reflecting the court's finding of good cause to apply the unpaid sanctions against TWIA's cost recovery. CR678-79.

A complaint about a temporary order becomes moot after a final order is entered if reversal of the temporary order would have no effect on the final order that superseded it. *Wright v. Wentzel*, 749 S.W.2d 228, 234 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Bd. of Adjustment, City of Corpus Christi v. McBride*, 676 S.W.2d 705, 709 (Tex. App.—Corpus Christi 1984, no writ). Here, TWIA does not challenge the final judgment that superseded and mooted the pretrial sanctions order. Therefore, the mooted November 7 order is not before the Court. *See Int'l Paper Co. v. Harris County*, 445 S.W.3d 379, 385-86 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Barnett v. Home of Tex. & Warranty Underwriters Ins. Co.*, No. 14-09-01005-CV, 2011 WL 665309, at *6 (Tex. App.—Houston [14th Dist.] Feb. 24, 2011, no pet.) (mem. op.) ("Because appellees' challenge to question 9 would have no impact on the court's final judgment, such challenge is moot."); *see also Green v. Allied Interests, Inc.*, No. 03-97-00510-CV, 1998 WL 105154, at *2 (Tex. App.—Austin Mar. 12, 1998, pet.

---

[4] TWIA requested $39,901.95 in costs. SuppCR2968-70. At League City's urging, however, Judge Neves offset that requested amount by the $15,000 in unpaid sanctions and further excluded $1,714.63 that did not qualify as taxable costs, resulting in a final award of $23,187.32. *Compare* SuppCR2968-70 *with* SuppCR3:8-15 *and* CR663, 679.

denied) (not designated for publication) (holding appellant's complaint was moot where sanctions order was incorporated into and superseded by final judgment).

### B. TWIA does not challenge the court's ruling offsetting its cost recovery by the amount of monetary sanctions.

The apportionment of costs is committed to the trial court's sound discretion. *San Antonio Hous. Auth. v. Underwood*, 782 S.W.2d 25, 27 (Tex. App.—San Antonio 1989, no writ). The trial court may set the amount of recoverable costs and, as here, offset a party's cost recovery for earlier discovery abuse. TEX. R. CIV. P. 141; *see State v. Castle Hills Forest, Inc.*, 842 S.W.2d 370, 373 (Tex. App.—San Antonio 1992, writ denied); *cf. Headington Oil Co. v. White*, 287 S.W.3d 204, 213 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting that party's failure to cooperate in discovery, or abuse of discovery process, constitutes "good cause" under Rule 141) (citing TEX. R. CIV. P. 191.2).

TWIA does not challenge the judgment or the court's cost apportionment, decision to incorporate monetary sanctions into such apportionment, or Rule 141 determination that TWIA's discovery abuse justified such an offset. Thus, even if TWIA could revive the mooted sanctions order, it still could not prevail for failure to attack the court's cost apportionment. *Kroger Co. v. Am. Alternative Ins. Corp.*, ___ S.W.3d ___, No. 14-13-01135-CV, 2015 WL 3878097, at *3, *5 (Tex. App.—Houston [14th Dist.] June 23, 2015, no pet.); *see Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

**III.  Alternatively, the Trial Court Properly Assessed Monetary Sanctions against TWIA.**

Even if the November 7 order were properly before the Court, the trial court acted within its discretion by sanctioning TWIA.

**A.  Reviewing courts must defer to trial courts' considerable discretion in imposing sanctions.**

Abuse of the discovery process through unwarranted delays and unresponsiveness subverts justice, and such conduct is (and should be) condemned. *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 199 (Tex. App.—Austin 2005, pet. denied).  Trial courts are therefore empowered to sanction parties for abusing the discovery process; if a party fails to comply with proper discovery requests, the court may enter orders "as are just," including monetary sanctions awarding attorney's fees.  TEX. R. CIV. P. 215.2(b)(8).

Trial courts are better equipped than appellate courts to "evaluate the often complex facts and equities of discovery disputes" and determine whether a party has abused the discovery process, the relative culpability and harm of such conduct, and the credibility of a party's attempts to explain delays and unresponsiveness.  *McMillin*, 180 S.W.3d at 199.  The trial court has more complete access to relevant information than does a reviewing court, including the entire history of litigation—which may not be fully captured in the record the

appellant chooses to bring forward—plus the progression of events and firsthand experience with the parties' explanations and complaints. *See id.* at 200.

Therefore, the decision to impose discovery sanctions is reviewed for an abuse of discretion. *Id.* at 199. In exercising its discretion, the trial court may consider not only the specific violation for which sanctions are finally imposed, but also everything that has occurred during the history of the litigation. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).

An appellate court cannot substitute its judgment or simply decide whether "the facts present an appropriate case for the trial court's action" but instead must determine whether the trial court acted arbitrarily or unreasonably, that is, without reference to guiding rules and principles. *See id.* at 241-42; *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004).

The appellate court is not limited to reviewing the "sufficiency of the evidence" supporting the trial court's finding but instead must independently review the entire record, including any evidence, the arguments of counsel, written discovery on file, and circumstances surrounding the discovery abuse. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006); *Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 812 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 575 (Tex. App.—San Antonio 2011, no pet.).

## B. The record shows a nexus between TWIA's discovery abuse and the sanctions imposed.

TWIA's argument centers on the transcript from the sanctions hearing. ANT Br. at 18-25. But the trial court was not limited to "what [TWIA] wish[es] to present in isolation for inspection," and neither is this Court. *See In re Harvest Communities of Houston, Inc.*, 88 S.W.3d 343, 347 (Tex. App.—San Antonio 2002, orig. proceeding). Here, the entire course of discovery shows a pattern of discovery abuse justifying sanctions.

### 1. TWIA engaged in persistent discovery abuse and disobeyed several court orders.

League City served discovery requests on TWIA on March 4, 2013. CR94; SuppCR109, 399. The requests sought, among other things, information about TWIA's contentions and production of files from the TWIA agent(s) or representative(s) who adjusted League City's claim. *Id.*

TWIA did not serve its responses until September 3, 2013. SuppCR123. Despite having six months to respond, TWIA provided few substantive answers. SuppCR109-201. Its responses were preceded by four pages of "general objections" to the interrogatories and requests for production, SuppCR127-28, 166-67, and raised countless stock objections to individual questions. SuppCR129-201.

Specifically, TWIA objected and did not provide substantive answers to proper contention interrogatories, instead referring League City to an 869-page claims file. SuppCR137-42. TWIA would not provide basic information about individuals involved in handling the claim, and it refused to provide training materials, SuppCR113-15, that have long been held discoverable. *See State Farm Mut. Auto. Ins. Co. v. Engelke*, 824 S.W.2d 747, 753 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). TWIA also refused to produce other categories of discoverable documents, such as photographs and other documents used to estimate League City's claim. SuppCR115-20.

On October 1, the court ordered TWIA to "narrow down what your real objections [are] versus what you just [have] written down." SuppRR(10-02-13):14. But TWIA admittedly did not comply with the court's order: "[T]he direct answer is, no, we didn't deal with my discovery objections[.]" *Id.* The court reminded TWIA, "I told you 'don't come here without having had it done,'" SuppRR(10-02-13):17, and ordered TWIA to produce responsive documents before October 11, 2013. SuppCR379. TWIA did not comply with that order, either.

On October 14, the court heard League City's motion to compel responses to its discovery requests. CR94; SuppRR(10-14-13). TWIA first told the court that it already had produced all non-privileged documents, SuppRR(10-14-13):6, a

representation that TWIA repeats in its brief to this Court. ANT Br. at 19 n.4. But TWIA did not tell the trial court—and does not tell this Court, either—that it had not produced "a large amount of documentation," that is, "a very large file," from the claim adjuster. SuppRR(10-14-13):6-7. TWIA also did not produce all relevant emails. SuppRR(10-22-13):17.

Moreover, TWIA could not and would not assure the court that it had, in fact, produced all responsive, non-privileged materials. SuppRR(10-14-13):11-12. The trial court recessed the hearing and instructed TWIA "to come back at 3:00 … [and] be clear on the record what you have and haven't given and what you have withheld and why." SuppRR(10-14-13):38. Even after the recess, however, TWIA could not answer the court's question: "If the court wants a definitive statement that we have produced every responsive document, we can't make that. We will never be [] able to make that definitive statement. It won't happen." SuppRR(10-14-13):44; *see* SuppRR(10-14-13):38-41, 42.

The trial court warned TWIA about "try[ing] to … run the clock" by failing to cooperate with discovery. SuppRR(10-14-13):44. Then, the court proceeded to specifically rule on each objection relevant to League City's motion to compel, a process that took more than 90 minutes. SuppRR(10-14-13):50-146.

TWIA asked the court to order the deposition of League City's corporate representative, but League City objected to having to produce its witness without the benefit of TWIA's documents "to prep my people with. I need their documents[.]" SuppRR(10-14-13):147-48. Accordingly, the court ordered League City to produce its corporate representative for deposition by Wednesday, October 23, but also ordered TWIA to supplement its discovery responses, per that day's rulings on the objections, before that deposition. SuppRR(10-14-13):148, 151.

TWIA did not supplement its responses as ordered. SuppRR(10-22-13):29. Its disobedience was the subject of yet another hearing, on October 22. The topic came up during a discussion about TWIA's desire to depose its own adjuster, Paul Gauthier. League City wanted that deposition, too, but it could not take the deposition without TWIA's still-overdue discovery responses. SuppRR(10-22-13):5-7, 10-11, 14, 29. The court asked TWIA to explain its non-compliance with the October 14 order. SuppRR(10-22-13):32. TWIA claimed misunderstanding about the court's rulings on its objections, but the court did not accept that excuse. SuppRR(10-22-13):33, 37. When pressed for details, TWIA could not identify any particular ruling that it questioned. SuppRR(10-22-13):34, 36.

The court ordered the parties to depose Gauthier on Monday, October 28, but specifically ordered TWIA to supplement its responses by October 25, in advance of the deposition. CR94, 99; SuppCR396; SuppRR(10-22-13):37-38.

Once again, TWIA disobeyed the trial court by failing to supplement discovery responses by October 25. CR94-95. League City was forced to take Gauthier's court-ordered deposition on October 28 without discovery that it had repeatedly requested to prepare for the deposition, and which the court had ordered twice. SuppCR396. To make matters worse, it was discovered during the deposition that TWIA had not produced Gauthier's physical file from his adjustment of the claim, which contained relevant emails and photographs not previously produced. SuppCR399-400; *see also* CR93; SuppRR(11-07-13)(volume 2).

On October 29, League City reminded TWIA of the court's October 25 deadline and again requested supplementation, but TWIA still did not comply. CR103. Instead, TWIA purported to grant itself an extension from the court's order to November 1st or 4th. CR103. League City reiterated its request on October 31, and also requested production of Gauthier's physical file, CR 100, but TWIA did not respond.

TWIA did not produce the court-ordered discovery, or Gauthier's file, by its own self-extended November 4 "deadline." CR94, 103. Finally, at the end of the day, League City again had to seek the court's assistance. The court was asked to:

- compel the production of Gauthier's file, SuppCR399-400;

- strike TWIA's objections and compel answers to yet another set of outstanding discovery, CR62-93; and

- enforce its previous orders, and impose sanctions, as compensation for its attorney's fees and costs incurred from TWIA's discovery abuse. CR94-104.

TWIA waited until November 6—*twelve* days after the court-ordered deadline—to finally respond to the discovery requests. CR105-09. Its response offered no explanation for disobeying the court's orders. CR121-33.

The court heard League City's motion for sanctions on November 7, 2013. RR2:1-59. League City expressed frustration with TWIA's persistent non-compliance, RR2:6, reiterated that it needed TWIA's discovery responses prior to Gauthier's deposition, RR2:18-19, and complained that TWIA's failure to produce Gauthier's file precluded a proper cross-examination of the witness and necessitated another deposition, with incumbent costs that "[League City] shouldn't have to bear the expenses of." RR2:19-21.

The court asked TWIA to explain its non-compliance with the court's orders, but TWIA's counsel replied, "I can't give you a full reason because I don't know all of the reasons why." RR2:8. TWIA could only explain its failure to respond by *its self-granted* November 1st extension, but not for its non-compliance with the *court's* October 25 deadline. RR2:8-10. And its attorney's sole excuse for not complying by November 1—a week late—was that he did not have "final approval" from TWIA, but he could not identify *whose* approval was needed or "why [those people] were not available." RR2:8-11. The court recessed the

hearing to give TWIA additional time to justify its disobedience, RR2:15-16, but, even after the break, TWIA still had no explanation. RR2:16-17.

Nevertheless, TWIA's attorney tried to "assure" the court that his client did not intend to disrespect the court's rulings. *Id.* The court did not believe that claim, however, and explained why:

> What did you think was going to happen when you spent the past month openly defying my orders…? You have done, nothing, nothing, nothing to comply with my orders. You have done everything you can to show me you don't have to comply with my orders.

RR2:17-18.

Accordingly, the court granted League City's motion to enforce and for sanctions and, after hearing further argument, ordered TWIA to pay $15,000 "as a sanction for violations of the Court's order, which includes the amount of attorney's fees and expenses Plaintiff incurred in preparing Plaintiff's Motions, and attending the hearing on the Motions." CR160; RR2:31-32. The court also ordered TWIA to re-produce Gauthier for another six-hour deposition "since [League City] didn't have the information before that [it] needed." RR2:32.

## 2. A finding of "intentional disrespect" is not necessary to impose sanctions, and even if it were, the record supports such a finding.

The sole basis for TWIA's claim that its conduct was not sanctionable is its attorney's bare assertion that TWIA's non-compliance "wasn't intentional and it wasn't out of disrespect." ANT Br. at 25 (quoting RR2:27). TWIA cites no authority for the proposition that "intentional … disrespect" is a prerequisite to the imposition of monetary sanctions. There is none.

Rule 215 authorizes "just" orders, including sanctions, for the "fail[ure] to comply with proper discovery requests or to obey an order to provide or permit discovery," irrespective of intent. *See* TEX. R. CIV. P. 215.2(b). "While lack of intentional disrespect may be considered, it is a matter for the trial court's determination." *Vulcan Materials Co. v. Bowers*, No. 04-04-00062-CV, 2004 WL 2997852, at *3 (Tex. App.—San Antonio Dec. 29, 2004, pet. denied) (mem. op.).

The court did not accept counsel's claim, RR2:17-18, as was its prerogative. *Id.*; *see Scott Bader*, 248 S.W.3d at 813 (affirming trial court's ability to judge credibility of witnesses and to reject non-credible explanations). The abuse-of-discretion standard recognizes that the trial court is in the best position to judge the credibility of a party's explanations for its conduct. *See McMillin*, 180 S.W.3d at 199; *Dao v. Md. Cas. Co.*, No. 09-13-00353-CV, 2015 WL 2255263, at *7 (Tex. App.—Beaumont May 14, 2015, no pet.) (mem. op.).

### 3. The record supports the court's finding that TWIA's discovery abuse prejudiced League City.

TWIA asserts there is an absence of "evidence" of prejudice from its discovery abuse. TWIA's argument misreads *TransAmerican Natural Gas Corp. v. Powell*[5] and also *Chrysler Corp.*, in which the supreme court recognized that prejudice can be *presumed* from the record: "It seems obvious that the Garcias would be prejudiced by the expenditure of attorneys' fees and expenses in pursuing motions to compel discovery and sanctions." *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 850 (Tex. 1992) (orig. proceeding); *see Scott Bader*, 248 S.W.3d at 817 (upholding award of attorney's fees based on work performed, and "surmis[ing]" that counsel spent additional time on filings *not even contained in record*).

TWIA's contention also ignores the weight of case law, including controlling authority from this Court, holding that courts are not limited to "evidence" introduced at the sanctions hearing in imposing—or upholding—sanctions. *See Scott Bader*, 248 S.W.3d at 812; *Prize Energy*, 345 S.W.3d at 575. As the Waco court has explained:

> [A] trial court may consider factors other than "evidence" in determining whether to impose a discovery sanction. Thus, the court did not abuse its discretion by imposing sanctions even though the Fraziers did not formally present "evidence" in the sanctions hearings.

---

[5] 811 S.W.2d 913 (Tex. 1991) (orig. proceeding).

\*\*\*\*\*

> [O]ur review extends to the entire record and is not limited to "evidence" offered at a hearing. ... Thus, no abuse of discretion is shown by any failure of the Fraziers to proffer "evidence" of the manner in which they were prejudiced by Van Es's failure to comply with their discovery requests.

*Van Es v. Frazier*, 230 S.W.3d 770, 778, 783 (Tex. App.—Waco 2007, pet. denied) (citations omitted).

The record affirmatively shows that TWIA's non-compliance with court orders, and its failure to produce Gauthier's physical file, prejudiced League City and caused it to incur additional attorney's fees and expenses. Even before Gauthier's deposition, League City demonstrated that it needed TWIA's discovery responses, including basic information about TWIA's contentions, to properly depose Gauthier. The trial court heard all of the following:

- "[League City] shouldn't have to be forced to go take [Gauthier's] deposition which is the key witness without the information that we are—this court has ruled now twice that we are entitled to." SuppRR(10-22-13):6.

- "[W]e can move the discovery period back to take [Gauthier's deposition] next week, but I've got to have that information provided to me ..." *Id*.

- "These are basic questions I need answered so I can ask the insurance adjuster." SuppRR(10-22-13):7.

- "I don't want to go down and take this adjuster's depo without basic information to question him on. ... I need some time to get ready for it and I need to get prepared." SuppRR(10-22-13):11.

- "[T]hey have not given me any of the discovery you ordered them to give me. I don't have any of the information I need to depose this adjuster." SuppRR(10-22-13):29.

Based on these statements, the court specifically ordered TWIA to supplement its discovery responses by October 25, before Gauthier's deposition. CR94, 99; SuppCR396; SuppRR(10-22-13):37-38. The record thus shows that League City *would be* prejudiced by TWIA's failure to supplement discovery responses.

Then, after the deposition, League City showed that it *was* prejudiced by TWIA's disobedience of the court's order and failure to produce Gauthier's file:

- "[I]t would have been really helpful to have the information on the Friday before the Monday and Tuesday deposition [of Gauthier]." RR2:19.

- "I had no access to those materials, no way to know whether he was telling the truth to cross-examine him or present him with that evidence. So I basically wasted a lot of my time there on Monday and Tuesday[.]" RR2:20.

- "[Gauthier] has a complete additional set of [unproduced] physical files, so that means we are going to have to start over." RR2:23.

- "There is going to be time. There is going to be the time of re-deposing [Gauthier] and re-preparing for that deposition. I think those are direct costs that are directly related to them disregarding your order." RR2:21.

- The requested re-deposition of Gauthier is "going to be quite an undertaking and probably an expensive undertaking that [League City] shouldn't have to bear the expenses of." RR2:19-20.

- "I'm going to have to probably spend another weekend getting ready [for Gauthier's second deposition] like I spent the whole weekend before his deposition getting ready. I'm probably going to have to do this again at least for some amount of time . ..." RR2:20.

The court expressly found that League City was prejudiced, and was entitled to a second deposition of Gauthier, "since you didn't have the information before that you needed." RR2:32.

Prejudice can be shown through a variety of ways, including, among other things, the arguments of counsel[6] and written materials on file with the court. *See Scott Bader*, 248 S.W.3d at 812, 817; *Prize Energy*, 345 S.W.3d at 574. Here, the record shows, and the trial court knew, that League City had filed several motions, written TWIA numerous times, and attended multiple hearings trying to secure TWIA's participation in discovery and compliance with the court's orders. The record thus supports the court's finding that League City was prejudiced by TWIA's discovery abuse.

---

[6] Moreover, unsworn statements by attorneys of record in open court can constitute evidence. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). TWIA did not object to counsel's statements as unsworn or non-evidentiary and therefore waived any complaint that League City's attorneys were not under oath while clearly attempting to show prejudice. *See id*.; *Keith v. Keith*, 221 S.W.3d 156, 170 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

### 4. The sanctions directly relate to TWIA's discovery abuse.

The record supports a direct relationship between TWIA's discovery abuse and the sanctions imposed. *See Am. Flood Research*, 192 S.W.3d at 583; *TransAmerican*, 811 S.W.2d at 917. The trial court properly considered the entire course of litigation. *See Scott Bader*, 248 S.W.3d at 814. TWIA's pattern of discovery abuse directly caused League City to incur attorney's fees in preparing several motions to compel, attending several hearings, preparing an entire weekend and attending a two-day deposition of Gauthier that "wast[ed]" counsel's time, and having to prepare for a second deposition of Gauthier. The sanctions imposed by the trial court directly compensate League City for these expenses. CR 160; RR2:31-32. Thus, the record shows the requisite direct nexus. *See Am. Flood Research*, 192 S.W.3d at 583; *TransAmerican*, 811 S.W.2d at 917.

### C. Monetary sanctions were not excessive but instead compensated League City for the prejudice it suffered.

#### 1. The record supports the amount of monetary sanctions found by the court.

League City suggested monetary sanctions of $5,000 for each day of TWIA's non-compliance. CR97. In the hearing, its attorney opined that such a per diem amount would "capture all of the other things that might flow from the delays." RR2:24. Counsel opined that a total sanction of $30,000 "would be an appropriate amount … [and] would encompass probably the cost of having to go

and re-depose [Gauthier]." RR2:24. That amount of requested sanctions was further justified because:

- "I'm going to have to probably spend another weekend getting ready [for the second deposition] like I spent the whole weekend before his deposition getting ready. I'm probably going to have to do this again at least for some amount of time … when we do get [Gauthier's physical file]," RR2:20; and

- "[Gauthier] has a complete additional set of [unproduced] physical files, so that means we are going to have to start over." RR2:23.

The trial court also heard—from TWIA, no less—that the hourly rate for League City's attorney was $600. RR2:30. Not only did TWIA not quibble with that rate, it encouraged the court to use that rate in setting the amount of sanctions. RR2:30.

TWIA mentions a lack of affidavits, ANT Br. at 20, but affidavits were not required here because attorney's fees were imposed as sanctions, not as a recoverable element of damages. *See Scott Bader*, 248 S.W.3d at 816-17. Further, the statements of counsel in open court were sufficient to prove that $30,000 "would be an appropriate amount" to reimburse League City for "the cost of having to … re-depose" Gauthier. RR2:24. *See Banda*, 955 S.W.2d at 272.

In reviewing the amount of sanctions, this Court has focused on the work that was performed. *See Scott Bader*, 248 S.W.3d at 817 (describing work required because of opponent's sanctionable conduct); *see Finlay v. Olive*, 77 S.W.3d 520, 527 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (affirming sanctions order,

despite absence of testimony about number of hours incurred by counsel, because trial court was aware of counsel's hourly rate and could see counsel's work product).

Here, the record supports the trial court's conclusion that $15,000—that is, 25 hours of work at $600 per hour—would adequately compensate League City for having to (1) prepare two motions to compel, (2) attend three hearings (including an all-day hearing) in connection with the motions to compel and for sanctions, (3) spend an entire weekend preparing for a second deposition, and (4) take Gauthier's deposition a second time, as a result of TWIA's discovery abuse. That finding is not excessive, particularly where the record supported an award of twice that amount. *See Scott Bader*, 248 S.W.3d at 817. Accordingly, TWIA has not shown that the trial court abused its discretion by awarding $15,000 in attorney's fees and expenses. CR160.

### 2. The court considered the availability of lesser sanctions.

Case law holds that requiring the offending party to pay its opponent's attorney's fees is itself a "lesser" sanction. *See TransAmerican*, 811 S.W.2d at 918; *see also Cire*, 134 S.W.3d at 840 (describing as "lesser sanctions" an award of attorney's fees); *Andras v. Mem'l Hosp. Sys.*, 888 S.W.2d 567, 572 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (categorizing monetary penalties and attorney's fees as "lesser" sanctions).

The record also shows that the court did not begin with monetary sanctions but instead tested several other alternatives, including two orders to compel production, and several warnings that TWIA was not following the Rules and that it was abusing the process. CR94, 99; SuppCR379; SuppRR(10-14-13):26-27, 148, 151; SuppRR(10-22-13):19-20. *See Van Es*, 230 S.W.3d at 783 ("[A] warning is, in itself, a lesser sanction[.]"). These lesser sanctions did not promote TWIA's compliance with the Rules and the court's explicit orders, and further "lesser sanctions" would not have cured the prejudice League City suffered, so the trial court was justified in imposing monetary sanctions against TWIA.

## IV. The Court Properly Struck TWIA's Affirmative Defenses for Continued Discovery Abuse Justifying the Presumption Its Defenses Lacked Merit.

TWIA's third issue complains about a second order, in which a different judge struck some of its affirmative defenses for continued discovery abuse. TWIA tries to cabin this Court's review of that order solely to statements made during the April 10 hearing. *See* ANT Br. at 28 ("The pre-trial court stated the reason for its order at the third and final hearing on this matter[.]"). But Judge Cox thoroughly explained his reasoning in a nine-page order, CR187-95, and that order shows the court properly struck TWIA's affirmative defenses for continued discovery abuse.

**A.** **The entire course of proceedings justified the conclusion that TWIA's affirmative defenses lacked merit.**

When monetary sanctions fail to effectuate compliance, a party's continued failure or refusal to cooperate in discovery justifies the trial court in assuming that the party's claims lack merit. *See TransAmerican*, 811 S.W.2d at 918 ("[I]f a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted … defense lacks merit and dispose of it.").

Thus, when a party makes a claim—as TWIA did here, with its affirmative defenses—and then frustrates legitimate attempts to define the scope of that claim and investigate possible responses, there is a direct relationship between the conduct and dismissal of the claim. *See Chasewood Oaks Condo. Homeowners Ass'n v. Amatek Holdings, Inc.*, 977 S.W.2d 840, 845 (Tex. App.—Fort Worth 1998, pet. denied). "A party who will not 'play by the rules' even after repeated orders to do so should not be allowed to play at all." *Id*. Repeated non-compliance thus justifies the trial court in assuming that the party either has no claim or is "dragging its feet in mustering evidence of one." *Id*.

TWIA continues to make "trees" arguments, but this remains a "forest" issue: the Court must independently review the entire record, including the evidence, arguments of counsel, written discovery on file, and circumstances surrounding TWIA's discovery abuse. *See Am. Flood Research*, 192 S.W.3d at 583; *Prize Energy*, 345 S.W.3d at 574. Notably, although TWIA makes much of

discovery that may have taken place *after* the court's order, and the evidence at trial, this Court may consider only "the record that was before the trial court" at the time of its ruling, and not subsequent events. *See Harvest*, 88 S.W.3d at 348-49.

### 1. The court's unchallenged findings of fact are binding on this Court.

To the extent that TWIA does not challenge the trial court's findings of fact, CR187-95, those findings are binding on this Court unless the record establishes the contrary proposition as a "matter of law" or there is "no evidence" to support the finding. *See Teate v. CBL/Parkdale Mall, L.P.*, 262 S.W.3d 486, 490 (Tex. App.—Beaumont 2008, no pet.).

### 2. TWIA continued to disregard the court's orders after the imposition of monetary sanctions.

This case does not present "[a] supposed failure to comply with a single court order," ANT Br. at 34. The record, and the court's detailed April 17 order, shows a *pattern* of discovery abuse that continued well after the imposition of monetary sanctions, including non-compliance with at least **seven** court orders. CR188-95.

TWIA's violation of the first three court orders (October 1, October 14, and October 22) are detailed above. Further, TWIA did not comply with the court's November 7th order to provide information about its ability to pay the sanctions, RR2:44-45; SuppCR505, and also ignored the court's December 2nd order to pay

sanctions by December 9, 2013. CR165, 188. TWIA never complied with either of those orders—the *fourth* and *fifth* court orders that TWIA ignored—and Judge Cox found that TWIA's disobedience of those orders "demonstrate its contempt for judicial process and the inability of lesser sanctions to deter Defendant's discovery abuse." CR188. TWIA does not challenge this finding on appeal.

In addition, TWIA refused to cooperate with discovery into its affirmative defenses challenging the appraisal award. CR182, 188-89. TWIA pleaded several defenses to the appraisal award but provided no factual basis for these allegations, *id*., so League City sent discovery requests inquiring about TWIA's challenges to the appraisal process. CR188.

As before, TWIA responded with "numerous objections and few answers." CR189; SuppCR866-79. Specifically, TWIA refused to identify individuals with knowledge about its contentions regarding the appraisal award or answer interrogatories seeking information about those contentions. SuppCR868-72. TWIA claimed it did not have to answer these interrogatories because "Plaintiff has already used all of its interrogatories," SuppCR952 (capitalization normalized), yet TWIA still refused to respond to requests for production—which have no such limitation—seeking similar information. SuppCR873-79.

On February 17, 2014, Judge Cox held a hearing to resolve several discovery issues, including TWIA's failure to provide answers to written interrogatories concerning the appraisal process. CR189; SuppRR(2-17-14):32-50. TWIA wanted to depose the appraisal umpire, Judge Burgess. SuppRR(2-17-14):31. League City agreed to take that deposition but first asked for more information about TWIA's contentions "because I don't even know what to question these people about if I don't know what [TWIA's] allegations are [and] what would be the legal theories for setting aside" the appraisal award. SuppRR(2-17-14):33-34, 39.

Judge Cox reviewed TWIA's discovery responses and found that they "consisted mainly of objections, with few substantive answers." SuppRR(2-17-14):34; CR189. In exchange for an order for Burgess's deposition, Judge Cox required that TWIA answer League City's interrogatories prior to the deposition. CR189. TWIA agreed to answer the interrogatories within 10 days:

> THE COURT:     What concession are y'all willing to make now about Judge Burgess *in getting the interrogatories* prior to the depositions of Judge Burgess? … *And that interrogatory needs to go before the deposition.* When can you do it?
>
> [TWIA]:     Ten days.
>
> …
>
> THE COURT:     Then we will do that.

SuppRR(2-17-14):40 (emphasis added).

TWIA later claimed it made no such agreement, and it now cherry-picks the record in representing to this Court that it agreed only to try to "work out" disagreements with League City. ANT Br. at 29; *see, e.g.,* SuppCR880. But the record reveals no ambiguity about TWIA's agreement to *answer* the interrogatories:

> TWIA:    And *if we get those interrogatories answered soon, we will do it. . . .* I am not exactly sure what his complaint is about them, but we can work with them to try to work that out.
>
> THE COURT:    What is the deal?
>
> LEAGUE CITY:   Well, I think there are very few actual *answers* in those interrogatory responses.
>
> THE COURT:    *Are there a whole lot of objections to answers? That's a problem.*
>
> TWIA:    Your Honor, I understand that. And we will do what we can.

SuppRR(2-17-14):41 (emphases added).

The record shows that Judge Cox expected TWIA to answer the interrogatories within ten days, SuppRR(2-17-14):40-41, and that TWIA understood its court-ordered obligation was to "get those interrogatories answered." *Id.* Thus, the court found that "Defendant affirmatively represented on the record that Defendant would answer the interrogatories regarding appraisal within ten days," and the court "accepted Defendant's stipulation that it would

provide supplemental answers within ten days and ordered the parties to proceed in that fashion." CR189. The record supports that finding.

On February 26, League City asked TWIA about its interrogatory answers; TWIA responded, "We have no more information to offer." SuppCR880. In a further display of gamesmanship, TWIA claimed it did not have to answer discovery without a *written* court order, notwithstanding the court's order *and* the parties' agreement in open court. SuppCR945. *See* TEX. R. CIV. P. 11. TWIA did not answer League City's appraisal interrogatories, within ten days or at all. CR190. This, then, was the *sixth* court order that TWIA ignored.

In a follow-up hearing on March 12, TWIA denied any agreement and claimed it was under no order to answer interrogatories.[7] CR190; SuppRR(3-12-14):5. The court reviewed the transcript and found otherwise. CR190. Accordingly, Judge Cox enforced the parties' open-court agreement, overruled TWIA's discovery objections, and ordered TWIA to "fully answer[]" the interrogatories by the following day. SuppRR(3-12-14):5, 12; CR191; SuppCR1036.

---

[7] TWIA instead characterized its promise as one simply to "visit" with League City's attorney but later acknowledged it didn't do that, either. SuppRR(3-20-14):15-16. Thus, whatever its agreement, TWIA did not comply.

TWIA insinuates that the trial court imposed sanctions based solely on a supposed "miscommunication[] or misunderstanding[]." ANT Br. at 30. But the record shows TWIA *persisted* in discovery abuse even after these hearings.

On March 13, TWIA served amended objections and answers to League City's appraisal interrogatories. CR191; SuppCR1176-83. Once again, TWIA disobeyed the court's order—now for the *seventh* time—as, instead of actually *answering* the interrogatories, TWIA instead asserted new objections "but few substantive answers." CR191; SuppCR1178-83. TWIA *still* refused to identify witnesses with knowledge of its contentions regarding the appraisal process, SuppCR1178-79, and did not answer interrogatories about those contentions. CR191; SuppCR1181-82. League City was once again forced to move for sanctions. SuppCR1085-1218.

In response, TWIA exhorted the court to postpone its ruling because its corporate representative, Paul Strickland, was due to be deposed and would explain "the appraisal itself and his work in sorting through the appraisal in determining what the merits of the appraisal are." CR191; SuppRR(3-20-14):40. TWIA also told the court that League City would "know more" about its contentions after the deposition. SuppRR(3-20-14):40. Based on those representations, the court agreed to take League City's request for sanctions under advisement. CR192; SuppRR(3-20-14):41.

Then, TWIA repeatedly instructed Strickland not to answer questions about the appraisal process, the identity of witnesses involved, and TWIA's contentions underlying its affirmative defenses, including questions asking simply whether TWIA contended that the appraisal award was the result of an accident.[8] CR192-93; SuppCR1340, 1342, 1345-74.

On March 28, TWIA filed supplemental answers to League City's appraisal discovery. CR193; SuppCR1378-94. TWIA still raised numerous objections and refused to provide any factual answers about its legal contentions regarding its affirmative defenses or witnesses with knowledge of such contentions. SuppCR1381.

On April 10, the court held another hearing on TWIA's non-compliance with discovery requests and League City's motion for sanctions. SuppRR(4-10-14):8-16. The court was notified of TWIA's interference and refusal to allow Strickland to testify about its affirmative defenses. SuppRR(4-10-14):8-12. TWIA argued, "We have more than adequately given the Plaintiffs a flavor or an understanding of … what TWIA's position is on appraisal." *Id*. at 16. The trial court responded, "I think more than a flavor is required. I just don't think that

---

[8] Even if TWIA were "substantially justified" in refusing to answer contention interrogatories premised on its claim that Judge Cox did not expressly expand the maximum number of interrogatories allowed to League City, *see* ANT Br. at 30-31; *but see* CR191 (overruling TWIA's objections), there is no "substantial justification" for refusing to answer proper contention questions during deposition.

TWIA has participated appropriately in this discovery, so I am striking the three affirmative defenses." *Id*. The court's subsequent order clearly articulated its reasoning. CR193-94.

The record demonstrates a persistent pattern of discovery abuse over a long period of time. Numerous efforts were made to obtain TWIA's compliance. However, TWIA persisted in its discovery abuse and in disobeying numerous court orders. Therefore, and for the reasons provided below, the trial court properly struck TWIA's affirmative defenses because it was justified in assuming that those defenses lacked merit. *See Van Es*, 230 S.W.3d at 783-84.

**B.      There is a direct nexus between TWIA's refusal to cooperate with discovery into its affirmative defenses and the striking of those affirmative defenses.**

The record shows a direct relationship between TWIA's refusal to allow discovery into the factual bases for its affirmative-defense contentions, and the striking of those defenses. *See TransAmerican*, 811 S.W.2d at 917. Despite several orders to compel, warnings, and hours of court hearings at which the court repeatedly emphasized the importance of TWIA's participation in the discovery process, TWIA still failed to disclose the factual bases for its affirmative defenses. Further, TWIA was ordered to pay monetary sanctions for discovery abuse, disobeyed that order, was *again* ordered to pay monetary sanctions, and disobeyed that order, too. These are appropriate grounds for the striking of its affirmative

defenses. *See Warwick Oil & Gas, Inc. v. FBS Props., Inc.*, No. 01-14-00290-CV, 2015 WL 3637988, at \*5-6 (Tex. App.—Houston [1st Dist.] June 11, 2015, no pet.) (mem. op.); *Weinberger v. Longer*, 222 S.W.3d 557, 571 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

## C.     The trial court properly considered lesser sanctions.

The record affirmatively demonstrates the court's consideration of lesser sanctions and its finding, with reasons, why such sanctions would not deter TWIA's discovery abuse. CR187-95. Specifically, the trial court held countless hearings in which it warned TWIA to cooperate in discovery, gave TWIA more time to respond, granted numerous motions to compel, struck objections, awarded attorney's fees to League City, and twice ordered TWIA to pay those monetary sanctions. TWIA disregarded no fewer than seven court orders.

Thus, the trial court was well justified in concluding that lesser sanctions would not deter abuse *because the court had already tried such efforts and they had failed*. CR188, 193-94. Similar to *Van Es*,

> [TWIA] made only modest efforts to comply and frequently engaged in dilatory tactics in an apparent effort to avoid complying. [TWIA] fully aired [its] objections ... on several occasions, and the trial court rejected them. If the trial court's rulings were erroneous, they were subject to review in this Court. Nevertheless, after repeatedly receiving adverse rulings on these discovery issues, [TWIA] still failed to comply. Therefore ... the trial court would not have abused its discretion to conclude that [TWIA] never intended to comply with those orders.

*Van Es*, 230 S.W.3d at 780; *see Warwick Oil*, 2015 WL 3637988, at \*5-6; *Weinberger*, 222 S.W.3d at 571.

## PRAYER

League City, as Appellant, respectfully prays that the trial court's judgment should be reversed and a new trial granted on all of League City's issues, or alternatively, that judgment should be rendered in favor of League City. If League City's appellate attorney's fees are not established as a matter of law, a new trial should be granted on that issue.

League City, as Cross-Appellee, also respectfully prays that this Court affirm the trial court's imposition of monetary sanctions against TWIA and striking of TWIA's affirmative defenses.

Finally, League City also respectfully prays for all relief to which it is entitled.

Respectfully Submitted,

THE MOSTYN LAW FIRM

Gregory F. Cox
State Bar No. 00793561
gfcox@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
409.832.2777–telephone
409.832.2703–facsimile

Rene M. Sigman
State Bar No. 24037492
rmsigman@mostynlaw.com
3810 W. Alabama
Houston, Texas 77027
713.861.6616–telephone
713.861.8084–facsimile

HOGAN & HOGAN

By:     */s/ Jennifer Bruch Hogan*
        Jennifer Bruch Hogan
        State Bar No. 03239100
        jhogan@hoganfirm.com
        Richard P. Hogan, Jr.
        State Bar No. 09802010
        rhogan@hoganfirm.com
        James C. Marrow
        State Bar No. 24013103
        jmarrow@hoganfirm.com
711 Louisiana, Suite 500
Houston, Texas 77002-2721
713.222.8800–telephone
713.222.8810–facsimile

CASHIOLA & BEAN

Randal Cashiola
State Bar No. 03966802
rcashiola@cashiolabeanlaw.com
2090 Broadway Street, Suite A
Beaumont, Texas 77701-1944
409.813.1443–telephone
409.813.1467–facsimile

Attorneys for Cross-Appellee League City

# CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of TEX. R. APP. 9.4(i)(2)(B) because this brief contains 7,895 words, excluding the parts of the brief exempted by TEX. R. APP. 9.4(i)(1).

2.     This brief complies with the typeface requirements of TEX. R. APP. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 software in Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes.


*/s/ James C. Marrow*
James C. Marrow
Dated: October 8, 2015

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing was forwarded to all counsel of record by the Electronic Filing Service Provider, if registered; a true and correct copy of this document was forwarded to all counsel of record not registered with an Electronic Filing Service Provider and to all other parties as follows:

Counsel for Cross-Appellant:

Dale Wainwright
BRACEWELL & GIULIANI LLP
111 Congress Avenue Suite 2300
Austin, Texas 78701-4061
*Via TexFile*

Andrew T. McKinney IV
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77056
*Via TexFile*

James R. Old, Jr.
JAY OLD & ASSOCIATES, PLLC
3560 Delaware, Suite 308
Beaumont, Texas 77706
*Via TexFile*

*/s/ James C. Marrow*
James C. Marrow
Dated: October 8, 2015

# Tab A

## November 7, 2013 order on Plaintiff's Motion to Enforce Court's order and Motion for Sanctions (CR160)

**CAUSE NO. 12CV0053**

| | | |
|---|---|---|
| LEAGUE CITY,<br>**Plaintiff,** | § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | GALVESTON COUNTY, TEXAS |
| TEXAS WINDSTORM INSURANCE<br>ASSOCIATION,<br>**Defendant.** | § <br> § <br> § <br> § | 10TH JUDICIAL DISTRICT |

2013 NOV 12 PM 2:59

## ORDER ON PLAINTIFF'S MOTION TO ENFORCE COURT'S ORDER AND MOTION FOR SANCTIONS

The Court, having considered *Plaintiff's Motion to Enforce Court Order and Motion for Sanctions* is of the opinion that Plaintiff's Motions have merit and should be GRANTED in their entirety. It is therefore,

ORDERED that *Plaintiffs' Motion to Enforce Court Order and Motion for Sanctions* are hereby GRANTED. It is further,

ORDERED that Defendant TWIA shall ~~immediately serve supplemental answers and~~ reproduce adjuster Paul Gauthier for deposition for an additional six (6) ~~responses to Plaintiff's Interrogatories and Requests for Production and remove objections to~~ hours. ~~such discovery which were overruled by this Court on the record at the hearing on October 14, 2013~~. It is further,

ORDERED that Defendant is ordered to pay $ 15,000 as a sanction for violation of the Court's order, which includes the amount of attorney's fees and expenses Plaintiff incurred in preparing Plaintiff's Motions, and attending the hearing on the Motions.

SIGNED, this 7 day of Nov , 2013.

_____
JUDGE PRESIDING

160

# Tab B

April 17, 2014 order striking
Defendant's affirmative defenses (CR187-95)

45141_1

CAUSE NO. 12CV0053

| | | |
|---|---|---|
| **LEAGUE CITY,** | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | GALVESTON COUNTY, TEXAS |
| | § | |
| **TEXAS WINDSTORM INSURANCE** | § | |
| **ASSOCIATION,** | § | |
| **Defendant.** | § | **10TH JUDICIAL DISTRICT** |

## ORDER

The Court, having considered Plaintiff's Motion to Enforce and Motion for Sanctions (Regarding Appraisal Discovery), Plaintiff's Supplemental Motion to Enforce and Motion for Sanctions (Regarding Appraisal Discovery), Plaintiff's Second Supplemental Motion to Enforce and Motion for Sanctions (Regarding Appraisal Discovery) and Defendant's responses and after hearing the evidence and arguments of counsel, the Court finds and concludes that Defendant's affirmative defenses regarding appraisal should be stricken. The Court bases its conclusion on the following:

1. On January 17, 2012, Plaintiff filed suit against Defendant for its handling of Plaintiff's Hurricane Ike claim.

2. On May 7, 2012, Defendant invoked the appraisal process, pursuant to the terms in the policy.

3. On March 20, 2013, Judge Don Burgess was appointed by the Court as the umpire, pursuant to the terms in the policy. Defendant did not object to the appointment of Judge Burgess as the umpire or Paul Tierce as Plaintiff's appraiser. In the months thereafter, the parties participated in the appraisal process.

12-CV-0053
DCORDER
Order
841292


4. On October 24, 2013, an appraisal award was signed by the umpire and Plaintiff's appraiser for $3,449,755.37. On this same day, at a hearing, Defendant stated it might seek to set aside the appraisal award. The Court ordered Defendant to supplement and provide complete responses to Plaintiff's Request for Disclosure regarding any potential appraisal defenses.

5. On November 7, 2013, the Court signed an order awarding monetary sanctions against Defendant in the amount of $15,000 for Defendant's discovery abuse related to discovery requests propounded by Plaintiff in March 2013.

6. On November 27, 2013, Plaintiff filed *Plaintiff's Motion to Enforce Court's Order and Motion for Sanctions* related to Defendant's failure to pay the $15,000 monetary sanctions.

7. On December 3, 2013 the Court issued an order on Plaintiff's Motion to Enforce ordering Defendant to pay sanctions by December 12, 2013. Defendant has ignored both of the Court's orders of November 7, 2013 and December 3, 2013. To date, Defendant has not paid these monetary sanctions as ordered by the Court. Defendant's actions demonstrate its contempt for judicial process and the inability of lesser sanctions to deter Defendant's discovery abuse.

8. On January 14, 2014, Plaintiff sent discovery to Defendant regarding Defendant's challenges to the appraisal process.

9. On February 6, 2014, Defendant supplemented its first amended answer, to include numerous affirmative defenses challenging the appraisal award. Defendant pled that (1) the appraisal award was not an honest assessment of necessary repairs; (2) the appraisal

award and the process leading up to it were inaccurate, unreliable, and/or biased; and (3) the appraisal award was the result of fraud, accident, or mistake.

10. On February 13, 2014, Defendant served its responses to Plaintiff's discovery relating to the appraisal process. Defendant's responses contained numerous objections and few answers.

11. On February 17, 2014, the Court attempted to resolve a number of outstanding discovery complaints and issues between the parties. Defendant wanted to move forward with a deposition of the appraisal umpire, but Plaintiff complained about Defendant's failure to provide answers to Plaintiff's written interrogatories concerning the appraisal process. The Court reviewed Defendant's responses, which consisted mainly of objections, with few substantive answers. The Court asked Defendant what concession it was willing to make to provide answers to the interrogatories prior to the deposition of the umpire and asked Defendant when it could provide supplemental substantive answers to Plaintiff's interrogatories prior to the deposition. Defendant made no objection to the Court considering the sufficiency of its interrogatory responses. Defendant did not seek any ruling on its objections. Defendant did not inform the Court that it could not or would not provide any further answer. To the contrary, Defendant affirmatively represented on the record that Defendant would answer the interrogatories regarding appraisal within ten days. The Court accepted Defendant's stipulation that it would provide supplemental answers within ten days and ordered the parties to proceed in that fashion.

12. On February 27, 2014, ten days after Defendant agreed and the Court ordered Defendant to answer Plaintiff's appraisal interrogatories, Defendant failed to provide any supplemental answers.

13. On March 12, 2014, Defendant appeared before the Court and was asked why it had not answered Plaintiff's interrogatories within ten days. Defendant responded "Judge that's not what you ordered; and that's not what we agreed to." A review of the transcript from the hearing on February 17, 2014 confirmed Defendant's stipulation that it would answer Plaintiff's interrogatories within ten days and the Court's order directing Defendant to proceed with answering Plaintiff's interrogatories as it had agreed.

14. On March 12, 2014, Defendant, for the first time, argued that the discovery in question was not before the Court on February 17, 2014. That argument should have been raised on February 17, 2014, and was waived when Defendant voluntarily stipulated that it would answer Plaintiff's interrogatories within ten days. Defendant also for the first time argued that it wanted a ruling on its objections before answering Plaintiff's interrogatories. Defendant's argument was inconsistent with its stipulation on February 17, 2014, that it would answer Plaintiff's interrogatories within ten days. Defendant waived its objections to Plaintiff's interrogatories by voluntarily stipulating that it would answer Plaintiff's interrogatories within ten days.

15. As the Court announced on March 12, 2014, the Court expects the attorneys appearing before it to do what they say they are going to do. Defendant expressly agreed to provide substantive answers to Plaintiff's appraisal interrogatories within ten days of February 17, 2014. Instead of providing answers, Defendant denied its earlier

representations and the Court's order directing the parties to proceed in accordance with Defendant's representation.

16. In light of Defendant's failure to comply with its stipulation regarding discovery responses and its failure to provide substantive factual answers to Plaintiff's interrogatories, the Court overruled Defendant's objections to Plaintiff's interrogatories and ordered Defendant to provide answers to the appraisal interrogatories by March 13, 2014 at 5:00 pm.

17. On March 13, 2014, instead of complying with the Court's order, Defendant amended its responses to discovery and asserted new general objections and new objections to specific questions, but few substantive answers. Defendant also asserted a new general objection to each interrogatory. For example, although Defendant has affirmatively pleaded that the appraisal award was procured by fraud, Defendant still failed to answer interrogatories inquiring whether Defendant contended that the appraisal award was procured by fraud, the basis for that contention, and the facts supporting that contention.

18. On March 20, 2014, as the Court was considering Plaintiff's motion for sanctions based on Defendant's failure to provide answers to Plaintiff's interrogatories concerning appraisal, Defendant advised the Court that it would be presenting a corporate representative on the topic of appraisal within a few days. The Court was told by Defendant "that witness will discuss the appraisal itself and his work in sorting through the appraisal in determining what the merits of the appraisal are." The Court was not advised that Defendant would be asserting attorney-client and work-product privilege claims and directing its designated corporate representative not to answer questions seeking factual information regarding Defendant's affirmative defenses challenging the

appraisal award. The Court withheld its ruling on Plaintiff's motion for sanctions in order to allow Defendant to present its corporate representative on appraisal issues.

19. On March 25, 2014, the Corporate Representative of TWIA, Paul Strickland, was deposed on various topics, including the appraisal process and the appraisal award in Plaintiff's case. When asked about the appraisal process, Strickland was frequently instructed by his Counsel not to answer questions on the basis of work product and attorney client privilege or a privilege objection was lodged prior to any answer. For example, Defendant instructed its corporate representative not to answer the following questions on the basis of attorney client and/or work product privilege:

- Can you identify for me the individual who made the decision to invoke appraisal on this claim?
- Will you identify for me the individual who made the decision not to pay the appraisal awarded at the time it was rendered?
- On what date did Texas Windstorm decide that it was not going to pay the appraisal award?
- Would you tell me the facts that Texas Windstorm relied on to support its decision not to pay the appraisal award?
- Will you identify for me any expert reports that Texas Windstorm relied on to support its decision not to pay the appraisal award?
- For the properties where Texas Windstorm's own appraiser, John Mullen, identified additional damage during the appraisal process, can you tell me why Texas Windstorm has made no additional payments to League City?
- After Texas Windstorm received the appraisal award and the materials from Mr. Mullen, did Texas Windstorm object to Mr. Mullen about the inclusion of items beyond those listed in Exhibit 5?
- Are you aware that people representing Texas Windstorm had meetings with Mr. Mullen and the appraiser?
- Are you aware of any facts that, in your mind, support an allegation that this appraisal award was the result of fraud?
- Does Texas Windstorm contend that the appraisal award was the result of an accident?
- Is the same answer going to hold if I ask you if the appraisal award was the result of a mistake?

20. Strickland also responded that he did not have enough information to answer numerous questions regarding appraisal, such as the following:

- What amount, if any, does Texas Windstorm contend should have been awarded in the appraisal process?
- Does Texas Windstorm contend that the appraisal award was the result of fraud?
- Are you aware of any facts that, in your mind, support an allegation that this appraisal award was the result of fraud?
- Does Texas Windstorm contend that the appraisal award was the result of an accident?
- Is the same answer going to hold if I ask you if the appraisal award was the result of a mistake?
- Does TWIA contend that the appraisal procedures were biased?

21. On March 28, 2014, Defendant filed its Fourth Amended and Supplemental Objections and Answers to Plaintiff's Third Set of Interrogatories. Defendant's responses continued to include numerous objections, including a general objection and objections to nearly all interrogatories. For example, Defendant objected and failed to provide a factual answer to the following questions:

- Do you contend that the appraisal award was the result of fraud? If so, please state the factual basis for this contention and identify the person(s) you contend committed fraud and the acts which you allege constituted fraud.
- Do you contend that the appraisal award was the result of an accident? If so, please state the factual basis for this contention.
- Do you contend that the appraisal award was the result of a mistake? If so, please state the factual basis for this contention.

22. On April 10, 2414, the Court held an additional hearing on Plaintiff's Motion to Enforce. As the Court explained and as the preceding findings reflect, TWIA has failed to participate appropriately in the discovery process. Section 10.001 of the Civil Practice and Remedies Code requires that each allegation in a pleading have evidentiary support; thus it is entirely appropriate for Plaintiff to inquire into the factual basis for Defendant's pleaded affirmative defenses challenging the appraisal award. Defendant's repeated failures to comply with the court's orders and to answer appropriate

interrogatories and deposition questions concerning the factual basis for its pleaded affirmative defenses challenging the appraisal award justifies a presumption that Defendant's pleaded defenses lack merit. The Court has attempted to secure Defendant's compliance through its orders overruling Defendant's objections and compelling responses to Plaintiff's interrogatories, but these lesser measures have not resulted in compliance and have not deterred Defendant from continuing to frustrate Plaintiff's legitimate attempts to discover the factual basis for Defendant's allegations. Defendant has had an additional 30 days since March 13, 2014 in which to provide substantive answers to Plaintiff's interrogatories, yet Defendant has made no effort to comply with the Court's orders overruling Defendant's objections and directing Defendant to respond to Plaintiff's interrogatories. If Defendant was unable to respond to Plaintiff's interrogatories within one day as it claimed (despite having had more than 40 days to respond before the Court ordered Defendant to answer the discovery by March 13, 2014), Defendant by now has had ample time and opportunity to comply with the Court's March 12, 2014 order, yet Defendant has refused to do so. Further Defendant has simply ignored earlier orders imposing monetary sanctions upon Defendant for discovery abuse and refused to pay monetary discovery sanctions imposed by the Court. Thus the Court has determined that the sanction of striking Defendant's affirmative defenses challenging the appraisal award is appropriate in this case.

It is, therefore, ORDERED that Plaintiff's Motion and Supplemental Motions for Sanctions are GRANTED and that Defendant's affirmative defenses regarding appraisal are hereby struck.

194

SIGNED this 17th day of April, 2014.

_____
JUDGE PRESIDING