**Affirmed and Opinion filed June 23, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01135-CV

---

## THE KROGER CO., KROGER TEXAS L.P., AND DAVID MICHAEL WELSH, Appellants

## V.

## AMERICAN ALTERNATIVE INSURANCE CORPORATION, AS SUBROGEE OF SPRING VOLUNTEER FIRE ASSOCIATION, Appellee

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2011-45246

---

# O P I N I O N

This single-issue appeal arises from a subrogation suit involving a claim by the subrogee of a fire department for damages to a fire truck sustained in a collision with another vehicle. The jury found that the fire department's recklessness did not proximately cause the crash. The jury also found that the fire department was negligent and that the fire department was ten-percent responsible.

The trial court granted the subrogee's motion to disregard the latter two findings and rendered judgment for the subrogee for the full amount of damages, without any deduction based on the fire department's percentage of responsibility. The defendants appealed. Concluding that they have not challenged the ground upon which the trial court disregarded the two jury findings, we affirm the trial court's judgment.

## I.  BACKGROUND

While responding to an emergency call, a fire truck from the Spring Volunteer Fire Association collided with a commercial van. The Fire Association's insurer, appellee/plaintiff American Alternative Insurance Corporation, paid more than $300,000 for repairs to the damaged fire truck. As the Fire Association's subrogee,[1] the insurer then filed suit against appellants/defendants The Kroger Co., Kroger Texas L.P., and David Michael Welsh (hereinafter collectively the "Kroger Parties").

The Fire Association alleged that Welsh, while acting in the course and scope of his employment with "The Kroger Co. and/or Kroger Texas L.P.," caused the van to collide with the fire truck, resulting in significant damage to the truck. The Fire Association asserted a negligence claim against Welsh and sought to recover against the two corporate defendants under a theory of *respondeat superior*. In response, the Kroger Parties asserted claims against the Fire Association, seeking to recover personal-injury and property damages based on the Fire Association's alleged negligence, gross negligence, and reckless conduct.

---

[1] For the purposes of this appeal, it is not necessary to distinguish between the Fire Association and the insurer as the Fire Association's subrogee. Therefore, for ease of reference, we make no distinction.

2

At trial, the jury found that (1) the Fire Association's negligence and the Kroger Parties' negligence proximately caused the collision; (2) a preponderance of the evidence does not show that the Fire Department's recklessness, if any, proximately caused the collision; (3) the percentage of responsibility for causing the collision attributable to the Fire Association is ten percent; (4) the percentage of responsibility for causing the collision attributable to the Kroger Parties is ninety percent; and (5) $316,957.20 would fairly and reasonably compensate the Fire Association for the damages to the fire truck resulting from the crash.

The Fire Association moved the trial court to disregard as immaterial both the jury finding that the Fire Association's negligence proximately caused the crash and the jury finding that the Fire Association's percentage of responsibility was ten percent. The Fire Association asked the trial court to render judgment on the rest of the jury's findings, giving the Fire Association a judgment for the full amount of the jury's damage finding, and a judgment that the Kroger Parties take nothing as to their claims. The trial court did.

The Kroger Parties now challenge the trial court's judgment, raising a single issue on appeal. They assert that when a fire department seeks recovery against another arising out of a vehicular accident, the Texas Tort Claims Act does not protect the fire department from a set-off for a percentage finding of the fire department's negligence. In response, the Fire Association argues the Kroger Parties cannot prevail based on two principles of appellate practice and procedure. First, the Fire Association asserts that the Kroger Parties cannot prevail without a reporter's record of the trial proceedings. Second, the Fire Association asserts the Kroger Parties' failure to challenge the precise basis for the trial court's ruling operates as a procedural default and this court must affirm the judgment without

3

reaching the merits of the issue.[2]

## II. ANALYSIS

### A. Absence of Reporter's Record

A reporter's record is usually essential to a successful appeal. *See King's River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 449–51 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). The lack of one can be fatal. *See Middleton v. Nat'l Fam. Care Life Ins. Co.*, No. 14–04–00428–CV, 2006 WL 89503, at *2 (Tex. App.—Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem.op.). While there are circumstances that obviate the need for a complete record, such as a partial-record appeal, in most cases a reporter's record is necessary for a genuine review of the merits. *See King's River Trail Ass'n, Inc.*, 447 S.W.3d at 449–51. The Kroger Parties take the position that no reporter's record is necessary because the issue presented is a purely legal one that does not require appellate review of the trial evidence.

Because we have no reporter's record and the Kroger Parties did not request the preparation of one, as a threshold matter, we consider whether the absence of a reporter's record is dispositive. The Kroger Parties did not invoke the procedures for a partial reporter's record under Texas Rule of Appellate Procedure 34.6(c), nor did they ever make a written statement of the limited points or issues on appeal, as the rules prescribe in an appeal with a partial reporter's record. *See* Tex. R. App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam). We do not have any of the trial evidence or any reporter's record of the trial proceedings. The Kroger Parties intentionally appeal solely based on the clerk's

---

[2] The Fire Association also argues that the trial court's ruling was correct on the merits.

record, arguing that no reporter's record is necessary because this appeal allegedly presents a strict question of law, the resolution of which does not require this court's review of the trial evidence. *See Segrest v. Segrest*, 649 S.W.2d 610, 611–12 (Tex. 1983); *King's River Trail Ass'n, Inc.*, 447 S.W.3d at 449–51. For the purposes of today's analysis, we presume, without deciding, that no reporter's record is necessary; thus, despite the absence of a reporter's record, we do not presume that the omitted reporter's record is relevant to the disposition of this appeal and supports the trial court's judgment. *See Bennett*, 96 S.W.3d at 229–30; *Burns v. Mullin*, 14-12-00966-CV, 2013 WL 5631031, at \*1–2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem. op). Even so, we cannot yet proceed to the merits of the Kroger Parties' issue because we first must address the argument that the Kroger Parties failed to attack the basis for the trial court's ruling.

### B. Scope of Appellate Challenge

In essence, the Fire Association asserts that the scope of the Kroger Parties' issue is too narrow and does not capture all bases or grounds that support the trial court's ruling disregarding the two jury findings. *See Navarro v. Grant Thornton, LLP,* 316 S.W.3d 715, 719–20 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The Fire Association argues that the Kroger Parties' failure to challenge the ground for the trial court's ruling defeats the appeal.

An appellant's failure to challenge all grounds for an adverse ruling operates as a procedural default. *See id.* Though an appellate court will construe the issues presented liberally to include such a challenge if the appellant presents argument addressing all such grounds, this rule does not magically transform a narrow challenge on one basis into a broad challenge that covers other bases.

5

*See Perry v. Cohen,* 272 S.W.3d 585, 587–88 (Tex. 2008) (per curiam); *Navarro,* 316 S.W.3d at 719–20. Applying the rule in this way would not be fair to an appellee who reasonably views the challenge as a narrow one and responds only to the precise issue presented, as contemplated by the rules. *See Navarro,* 316 S.W.3d at 719–20. Nor would the interests of efficient appellate review be served by the court of appeals's expansion of the grounds of possible reversal beyond those identified in the appellant's opening brief. Thus, at the onset we must assess whether the Kroger Parties attacked the stated bases for the trial court's ruling.

### 1. *The Fire Association's asserted bases for disregarding the jury findings*

In its motion, the Fire Association asserted the following reasons why the trial court should disregard the jury finding that the Fire Association's negligence proximately caused the collision:

- This finding was immaterial.
- The question of the Fire Association's negligence should not have been submitted to the jury.
- Under *City of Amarillo v. Martin*, 971 S.W.2d 426, 430–32 (Tex. 1998), the appropriate standard of care for an emergency responder operating an emergency vehicle is recklessness, not negligence.
- There is no authority for the proposition that an emergency responder's conduct can or should be determined under a negligence standard.

In its motion, the Fire Association asserted the following reasons why the trial court should disregard the jury finding that the percentage of responsibility attributable to the Fire Association is ten percent:

- This finding was immaterial.
- This jury question was not properly predicated to the extent that it allowed the jury to determine the Fire Association's percentage of responsibility based only on a finding of the Fire Association's negligence, which is not

6

the correct legal standard.

- It would have been proper for the jury to determine the parties' percentages of responsibility if the jury had found that the Fire Association had engaged in reckless conduct in addition to finding that the Kroger Parties were negligent.

- Because the jury did not find that the Fire Association had engaged in reckless conduct, the jury should not have answered the comparative-responsibility question, had it been properly predicated.

- The jury's finding in response to the question regarding the Fire Association's recklessness renders the jury finding regarding the percentages of responsibility immaterial.

## 2. *The Kroger Parties' arguments on appeal*

On appeal, the Kroger Parties present a single issue for review: "When a fire department is seeking damages against another arising out of a vehicular accident, the Texas Tort Claims Act does not protect it from a set off for a percentage finding of its negligence pursuant to §33.012 of the Remedies Code." The Kroger Parties state that the basis for the trial court's disregarding the jury finding that the Fire Association's negligence proximately caused the crash and rendering judgment in favor of the Fire Association for the full amount of the damages was "an application of §101.055 of the [Civil Practice and] Remedies Code which provides generally for immunity to a governmental unit for non-reckless conduct committed during an emergency situation, as recited by the trial court in the judgment." The Kroger Parties concede that, for the purposes of this appeal, an emergency situation existed at the time of the accident. The Kroger Parties state that "[t]his appeal is brought on the narrow ground that the Texas Tort Claims Act does not protect a sovereign for the consequences of its own negligence when it is seeking damages, and therefore a set off would have been appropriate in this case."

In their argument, the Kroger Parties make the following assertions:

- The trial court erred by not reducing the judgment by the jury's finding of ten percent for the negligence attributable to the fire-truck driver.

- The trial court based its ruling on an application of the Texas Tort Claims Act, and the trial court wrongly extended the reach of this statute even to situations in which the governmental entity is the plaintiff.

- Sovereign immunity deprives a trial court of subject-matter jurisdiction over lawsuits in which the state or certain governmental units have been sued unless the state consents to the suit.

After discussing principles of sovereign immunity and the waivers of sovereign immunity under the Texas Tort Claims Act, the Kroger Parties assert the following:

- Nothing in the statute applies to any situation other than one in which a claim is being brought against the governmental unit and the statute does not provide that a governmental unit's claim against another should be given special treatment or standards of proof.

- Under section 101.055 of the Texas Civil Practice and Remedies Code, the waivers of sovereign immunity in the Texas Tort Claims Act do not apply to the provision of services in an emergency situation unless there was reckless conduct. Because there has been no finding of reckless conduct, the waivers of sovereign immunity under the Texas Tort Claims Act do not apply to this case.

- Even if the waivers did apply, they apply only to liability created by the Texas Tort Claims Act and therefore they do not apply to claims asserted by the governmental unit.

The Kroger Parties quote a passage from *City of Amarillo v. Martin*, 971 S.W.2d 426 (Tex. 1998), and indicate that, in it, the Supreme Court of Texas addressed the statutory sovereign-immunity scheme and determined that in emergency situations immunity would be waived and liability incurred by the operator of the emergency vehicle only if the emergency responder engaged in reckless conduct. The Kroger Parties assert that sovereign immunity and the Texas

8

Tort Claims Act apply only to claims against an entity entitled to sovereign immunity, not to claims asserted by such an entity. According to the Kroger Parties, claims by government units are not excepted from the application of Chapter 33 of the Civil Practice and Remedies Code. The Kroger Parties assert:

- The Fire Association, a governmental unit, is improperly attempting to bootstrap the Texas Tort Claims Act into this plaintiff's case and to claim immunity for itself from section 33.012(a) of the Civil Practice and Remedies Code.

- This attempt has constitutional implications in that it constitutes a wrongful taking by the government.[3]

The Kroger Parties assert that "applying the immunity provisions" would create an absurd result in this context because juries would not be able to consider a non-reckless plaintiff's negligence even if the jury would have found the plaintiff to have a percentage of responsibility of ninety-nine percent based on the plaintiff's negligence.

The Kroger Parties argue that the trial court erred in accepting the Fire Association's erroneous argument that the Texas Tort Claims Act applies to claims by a governmental unit and that the Texas Tort Claims Act or sovereign immunity exempts the Fire Association from the application of the comparative-responsibility provisions of Chapter 33 of the Civil Practice and Remedies Code.

### 3. *The Kroger Parties' failure to challenge a basis of the trial court's ruling*

The record does not show the Fire Association ever asserted sovereign immunity or governmental immunity as a basis for its motion to disregard the two

---

[3] The record does not reflect that the Kroger Parties preserved error in the trial court on any alleged takings claim.

jury findings. *See Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 377 (Tex. 2006) (stating that "[o]nce [a governmental entity] asserts affirmative claims for monetary recovery, [the governmental entity] must participate in the litigation process as an ordinary litigant, save for the limitation that [governmental entity] continues to have immunity from affirmative damage claims against it for monetary relief exceeding amounts necessary to offset the [governmental entity's] claims"). Nor does the record reflect the Fire Association asserted that the Texas Tort Claims Act exempted the Fire Association from application of the comparative-responsibility provisions of Chapter 33 of the Civil Practice and Remedies Code. Instead, the Fire Association argued that, under *City of Amarillo v. Martin*, the applicable standard of care for an emergency responder operating an emergency vehicle is recklessness, not negligence and that, absent the Fire Association's violation of the applicable standard of care, a comparative-responsibility finding should not have been made and is immaterial. Even liberally construing the Kroger Parties' appellate brief, we cannot conclude that they have presented any argument challenging this basis of the trial court's ruling. *See Navarro*, 316 S.W.3d at 719–20. Accordingly, we overrule the Kroger Parties' sole appellate issue and affirm the trial court's judgment.[4]

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

---

[4] Even if the Kroger Parties had challenged all bases for the trial court's ruling, we still would conclude that the trial court did not err in disregarding the two jury findings.