**Affirmed and Memorandum Opinion filed January 28, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-01059-CV

---

## ROSE A. MUNGUIA, AS NEXT FRIEND OF E.S.U., A MINOR AND J.M.U., A MINOR, Appellant

## V.

## JUSTROD, INC., Appellee

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2017-76418**

---

## MEMORANDUM OPINION

In this appeal, Rose A. Munguia, as next friend of minor children E.S.U. and J.M.U., challenges the trial court's grant of summary judgment favoring Justrod, Inc. in a wrongful death action. Because Munguia has failed to challenge all the grounds on which judgment may have been based, we affirm the judgment.

### *Discussion*

On December 26, 2012, Jose Ucles was working for Justrod as a framer

when he fell to his death from the roof of a two-story construction project. Ucles was covered by worker's compensation insurance. Under the Texas Worker's Compensation Act, the recovery of workers' compensation benefits is the exclusive remedy for the death of a covered worker except for the recovery of exemplary damages by the surviving children or spouse of a deceased employee whose death was caused by an employer's intentional conduct or gross negligence. Tex. Labor Code § 408.001(a), (b). After two nonsuits relating to international travel difficulties, Munguia filed the present lawsuit against Justrod on behalf of Ucles' two minor children, E.S.U. and J.M.U., alleging wrongful death and gross negligence.

On July 17, 2018, Justrod filed two separate motions—a no evidence motion for summary judgment and a traditional motion for summary judgment. In the no evidence motion, Justrod asserted that Munguia could not produce any evidence to establish the required elements of negligence—a prerequisite for gross negligence—or of gross negligence itself. *See, e.g.*, *Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 395 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). In the traditional motion, Justrod asserted that evidence attached to the motion conclusively disproved the existence of several elements of gross negligence as well as several of the factual allegations contained in Munguia's petition. The trial court signed orders granting both motions on November 5, 2018. The orders do not identify specific grounds for granting judgment.

An appellant must challenge all possible grounds on which a summary judgment could have been granted, whether properly or improperly. *See FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also The Kroger Co. v. Am. Alternative Ins. Corp.*, 468 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2015, no pet.). If an

2

appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment. *Heritage Gulf Coast Props. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.— Houston [14th Dist.] 2013, no pet.); *see also Lujan v. Navistar, Inc.*, No. 14-14-00345-CV, 2021 WL 56184, at *3 (Tex. App.—Houston [14th Dist.] Jan. 7, 2021, no pet. h.) (mem. op.).

In her brief, Munguia raises four issues, each of which expressly challenges only the trial court's grant of no evidence summary judgment.[1] None of Munguia's issues challenge the trial court's grant of traditional summary judgment. Despite the fact that Justrod explicitly highlights this omission in its appellee's brief, Munguia has not amended her appellate brief or filed a reply brief challenging the grounds for summary judgment contained in Justrod's traditional motion.[2]

Even construing her briefing liberally, Munguia's arguments challenging the

---

[1] Munguia's four issues read as follows:

Did the trial court error [sic] by granting Justrod's No-Evidence Motion for Summary Judgment because Munguia produced more than a scintilla of evidence raising a genuine issue of material fact that Justino Rodriguez and Jose Aurelio Rodriguez Torres were vice principals of Justrod?

Did the trial error [sic] by granting Justrod's No-Evidence Motion for Summary Judgment because Munguia produced more than a scintilla of evidence raising a genuine issue of material fact in support of each challenged element of negligence?

Did the trial erred [sic] by granting Justrod's No-Evidence Motion for Summary Judgment because Munguia produced more than a scintilla of evidence raising a genuine issue of material fact in support of each challenged element of gross negligence?

Did the trial error [sic] by granting Justrod's No-Evidence Motion for Summary Judgment because it fails to comply with Tex. R. Civ. P. 166a(i)?

[2] It is also worth noting that in her notice of appeal, Munguia stated that she was appealing both the order granting no evidence summary judgment and the order granting traditional summary judgment. Nonetheless, Munguia asserted in her brief that the trial court did not rule on the traditional motion; however, the order was included in a supplemental clerk's record filed in this appeal.

3

grant of no-evidence summary judgment do not address the grounds, arguments, and evidence Justrod raised in its traditional motion for summary judgment.[3] *See Fairfield Indus., Inc. v. EP Energy E&P Co.*, 531 S.W.3d 234, 253 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Equity Indus. Ltd. P'ship IV v. S. Worldwide Logistics, LLC*, No. 14-14-00750-CV, 2016 WL 1267848, at *3 (Tex. App.—Houston [14th Dist.] Mar. 31, 2016, no pet.) (mem. op.). Accordingly, we must affirm the trial court's judgment. *See, e.g., Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 903 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (affirming summary judgment because appellant failed to challenge both no evidence and traditional grounds); *Moore v. Panini Am. Inc.*, No. 05-15-01555-CV, 2016 WL 7163899, at *4 (Tex. App.—Dallas Nov. 7, 2016, no pet.) (mem. op.) (same); *Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 387 (Tex. App.—El Paso 2009, no pet.) (same); *In re Estate of Bendtsen*, 230 S.W.3d 823, 827, 830 (Tex. App.—Dallas 2007, pet. denied) (same).

The trial court's judgment is affirmed.

---

[3] The closest Munguia comes to challenging the traditional summary judgment in her brief is under her fourth issue, in which she asserts that Justrod's no evidence motion was inadequate and therefore should be construed as a traditional motion, citing *Michael v. Dyke*, 41 S.W.3d 746, 751-52 (Tex. App.—Corpus Christi 2001, no pet.), among other cases. In one sentence under that fourth issue, Munguia states that even if the trial court improperly considered the evidence attached to Justrod's traditional motion as evidence supporting Justrod's no evidence motion, the court still erred in granting summary judgment because (1) the court specifically stated it was granting the no evidence motion and (2) Munguia's summary judgment evidence raised a genuine issue of material fact precluding summary judgment on the issues identified in Justrod's traditional motion. As stated, however, at no point does Munguia actually challenge the grant of traditional summary judgment, much less the specific grounds, arguments, and evidence presented in Justrod's traditional motion. *See Moyal v. Sec. Serv. Fed. Credit Union*, No. 05-18-00581-CV, 2019 WL 4010774, at *2 & n.2 (Tex. App.—Dallas Aug. 26, 2019, no pet.) (mem. op.).

/s/     Frances Bourliot
        Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.