**Affirmed and Memorandum Opinion filed February 8, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00543-CV

---

**FRANCHISE SPECIALIST, LLC, Appellant**

**V.**

**101 LEAGUE CITY I-45/646, LP AND 101 LEAGUE CITY I-45/646, GP, L.L.C., Appellees**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 19-CV-0691**

---

## MEMORANDUM OPINION

Franchise Specialist, LLC appeals the trial court's grant of summary judgment in favor of 101 League City I-45/646, LP and 101 League City I-45/646, GP, LLC in a dispute over priority of security interests. Because Franchise Specialist failed to challenge all grounds on which summary judgment may have been based, we affirm the judgment.

BACKGROUND

On March 16, 2015, Chariot Restaurant Group entered into a franchise agreement with Tilted Kilt Franchise Operating, LLC (Franchisor) for the purpose of establishing a restaurant called the Tilted Kilt. Section 24.1 of the franchise agreement granted a security interest to Franchisor as follows:

> To secure payment and performance of the Obligations, defined in Section 24.2 below, the Franchisee [Chariot Restaurant Group] grants to the Franchisor a continuing security interest in the following "Collateral" which shall consist of all of the following properties, assets and rights of Franchisee: all goods (including inventory, equipment, furniture and signs), accounts, fixtures, and contract rights (including interests under all real and personal property leases) of or relating to the Restaurant, wherever located, now owned or hereafter acquired, and in all improvements, attachments, additions, accessions, replacements and substitutions thereto and proceeds and products therefrom, including but not limited to, cash derived from the operation of the Restaurant.

On July 5, 2017, Chariot Restaurant Group filed a financing statement with the Texas Secretary of State listing the secured party as Tilted Kilt Franchise Operating, LLC. The financing statement listed the following collateral:

> All goods (including inventory, equipment, furniture and signs), accounts, fixtures, and contract rights (including interests under all real and personal property leases) of or relating to the Tilted Kilt restaurant located in League City, TX at 2481 South Gulf Freeway League City, TX 77573, now owned or hereafter acquired and in all improvements, attachments, additions, accessions, replacements and substitutions thereto and proceeds and products therefrom.

On September 18, 2017, 101 League City I-45/646, LP (101 League City) entered into a shopping center lease agreement with Chariot TK1, LLC for the

purpose of operating the Tilted Kilt Restaurant.[1] Section 19.1 of the lease granted a security interest to 101 League City as follows:

> In addition to the statutory landlord's lien, landlord [101 League City] shall have at all times a valid security interest to secure payment of all rentals and other sums of money becoming due hereunder from tenant [Franchisor], and to secure payment of any damages or loss which landlord may suffer by reason of the breach by tenant of any covenant, agreement or condition contained herein, upon all goods, wares, equipment, trade fixtures, furniture, inventory and other personal property of tenant presently or which may hereafter be situated on the demised premises[.]

In April 2018, Chariot TK1 defaulted on the lease. On May 9, 2018, 101 League City filed a financing statement listing Chariot TK1, LLC as the debtor and listing as collateral the items listed in the lease. 101 League City subsequently locked out Chariot TK1 and attempted to take possession of the collateral.

Approximately one year later, on April 7, 2019, Franchise Specialist[2] filed its original petition in which it alleged that 101 League City converted its collateral and sought a declaratory judgment that Franchise Specialist's security interest was superior to 101 League City's security interest. Franchise Specialist asserted that Franchisor assigned its security interest to Franchise Specialist, which gave Franchise Specialist a superior security interest because it was filed earlier than 101 League City's security interest. 101 League City answered, and subsequently filed a motion for traditional and no-evidence summary judgment.

In its motion 101 League City asserted that Chariot TK1, not Chariot

---

[1] The record does not indicate the relationship between Chariot Restaurant Group and Chariot TK1 other than to explain that Chariot Restaurant Group was the Franchisee and Chariot TK1 was 101 League City's tenant.

[2] The only interest of Franchise Specialist in the property or collateral appears to be as a purported assignee of Franchisor's security interest.

Restaurant Group, owned the collateral and therefore conveyed a valid security interest to 101 League City. 101 League City further asserted that Franchise Specialist's financing statement was ineffective to perfect a security interest because (1) Chariot Restaurant Group did not own the property; and (2) Franchise Specialist was not listed on the financing statement. 101 League City further asserted that it was entitled to a no-evidence summary judgment because Franchise Specialist presented no evidence to support its claims of conversion or for declaratory judgment.

Franchise Specialist responded to 101 League City's motion for traditional and no-evidence summary judgment asserting that 101 League City was aware of Franchisor's superior security interest. Franchise Specialist further asserted that Franchisor assigned its security interest to Franchise Specialist and that Chariot Restaurant Group owned the collateral. As evidence of the assignment Franchise Specialist attached the affidavit of Amer Hammoud, owner and operator of Franchise Specialist. Hammoud averred, "My company was assigned all the rights in the collateral named in the agreement and in the Exhibit 4 UCC Financing Statement as compensation for assisting in operating this particular Tilted Kilt franchise."

In response 101 League City objected that Hammoud's affidavit was conclusory, providing no underlying facts to support the conclusion that his company was assigned the security interested owned by Franchisor. 101 League City made further evidentiary objections to Franchise Specialist's evidence. 101 League City further averred that Franchise Specialist submitted no evidence supporting a superior security interest in the property.

The trial court denied 101 League City's evidentiary objections and granted summary judgment without specifying its reasons.

4

Franchise Specialist filed a brief in this court challenging the trial court's summary judgment in two issues:

1.    The trial court erred by granting the Summary Judgment against Franchise Specialist because 101 League City had actual notice of the security interest of the assigning Franchisor even before the lease agreement was entered into.

2.    The trial court erred by granting Summary Judgment in favor of 101 League City without any evidence of which entity owned the furniture and fixtures and removables that were the subject matter of the two (2) competing security interests.

In a conditional cross-appeal, 101 League City challenges the trial court's denial of its evidentiary objections.

## ANALYSIS

## I.    Standard of review and applicable law

We review a no-evidence summary judgment under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) ("A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict."). A no-evidence summary judgment will be sustained when: (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of a vital fact. *Id*. at 751 (citing *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

We review a trial court's order granting a traditional summary judgment de

novo. *Mid–Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion for summary judgment. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013).

If the trial court grants summary judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). And, if an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on any of the unchallenged grounds. *Durham v. Accardi*, 587 S.W.3d 179, 183 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

**II.    The trial court's summary judgment must be affirmed because Franchise Specialist did not address all summary judgment grounds asserted by 101 League City in its motion.**

An appellant must challenge all possible grounds on which a summary judgment could have been granted. *See FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also The Kroger Co. v. Am. Alternative Ins. Corp.*, 468 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2015, no pet.). If an appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment. *Heritage Gulf Coast Props. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Lujan v. Navistar, Inc.*, No. 14-14-00345-CV, 2021 WL 56184, at *3 (Tex. App.—Houston [14th Dist.] Jan. 7, 2021, no pet. h.) (mem. op.).

In its brief, Franchise Specialist raises two issues, each of which expressly challenges only the trial court's grant of traditional summary judgment. Franchise Specialist asserts that (1) 101 League City had actual notice of the prior security interest naming Chariot Restaurant Group as the debtor; and (2) 101 League City failed to present evidence that Chariot TK1 owned the contents of the building. Neither of Franchise Specialist's issues challenge the trial court's grant of no-evidence summary judgment or generally challenge the trial court's summary judgment. Despite the fact that 101 League City explicitly highlights this omission in its appellee's brief, Franchise Specialist has not amended its appellate brief or filed a reply brief challenging the grounds for summary judgment contained in 101 League City's no-evidence motion.[3]

Franchise Specialist alleged two causes of action in its original petition: conversion and declaratory judgment. In alleging conversion Franchise Specialist asserted that 101 League City converted its property by taking possession of the materials subject to Franchise Specialist's allegedly superior security interest. In requesting declaratory judgment Franchise Specialist sought a declaration that it owned the superior right to the fixtures subject to the Franchisor's security interest. In 101 League City's motion for no-evidence summary judgment it alleged that an adequate time for discovery had passed and Franchise Specialist had no evidence to support the elements of its claims for conversion and declaratory judgment.

Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Waisath v.*

---

[3] Franchise Specialist filed a reply brief in which it responded to 101 League City's cross-appeal. The reply brief does not address the trial court's no-evidence summary judgment.

*Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971)). The elements of a conversion claim are (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Id*. at 386–87. To recover for conversion, a plaintiff must also prove damages that are the proximate result of the defendant's conversion. *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147–48 (Tex. 1997); *Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 685 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

"A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Drexel Corp. v. Edgewood Dev., Ltd.*, 417 S.W.3d 672, 675 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995)).

In 101 League City's no-evidence motion for summary judgment it alleged that Franchise Specialist had provided no evidence that it owned, had legal possession of, or was entitled to possession of the property, assumed or exercised dominion and control over the property, made a demand for the property, or that 101 League City refused to return the property. 101 League City further asserted that Franchise Specialist presented no evidence of damages as a result of the alleged conversion.

As to Franchise Specialist's claim for declaratory judgment 101 League City asserted that Franchise Specialist had presented no evidence that a justiciable controversy existed as to the rights and status of the parties or that the controversy would be resolved by the declaration sought.

8

In Franchise Specialist's brief in this court, it challenges whether 101 League City had actual notice of the prior security interest naming Chariot Restaurant Group as the debtor; and whether 101 League City presented evidence that Chariot TK1 owned the contents of the building. Franchise Specialist does not present argument detailing the evidence, if any, it produced in the trial court to defeat 101 League City's no-evidence motion for summary judgment.

Franchise Specialist's failure to address the court's granting of the no-evidence motion for summary judgment is fatal to its appeal. *See Fairfield Indus., Inc. v. EP Energy E&P Co.*, 531 S.W.3d 234, 253 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (when appealing party fails to challenge all possible grounds on which motion could be granted, appellate court must affirm summary judgment); *Equity Indus. Ltd. P'ship IV v. S. Worldwide Logistics, LLC*, No. 14-14-00750-CV, 2016 WL 1267848, at *3 (Tex. App.—Houston [14th Dist.] Mar. 31, 2016, no pet.) (mem. op.). Accordingly, we must affirm the trial court's judgment. *See, e.g., Munguia as Next Friend of E.S.U. v. Justrod, Inc.*, No. 14-18-01059-CV, 2021 WL 282569, at *2 (Tex. App.—Houston [14th Dist.] Jan. 28, 2021, pet. denied) (mem. op.) (affirming summary judgment because appellant failed to challenge both no evidence and traditional grounds); *Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 903 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (same); *Moore v. Panini Am. Inc.*, No. 05-15-01555-CV, 2016 WL 7163899, at *4 (Tex. App.—Dallas Nov. 7, 2016, no pet.) (mem. op.) (same); *Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 387 (Tex. App.—El Paso 2009, no pet.) (same); *In re Estate of Bendtsen*, 230 S.W.3d 823, 827, 830 (Tex. App.—Dallas 2007, pet. denied) (same).

## CONCLUSION

Franchise Specialist has not challenged all independent bases or grounds that

could, if meritorious, support the summary judgment. We must, therefore, overrule Franchise Specialist's issues and affirm the summary judgment.[4] *See Durham*, 587 S.W.3d at 183.


/s/     Jerry Zimmerer
            Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

[4] Because we affirm the trial court's judgment, we need not address 101 League City's cross appeal challenging the trial court's evidentiary rulings.